Willie GEORGE, Plaintiff–Appellant,

v.

David EVANS et al., Defendants–Appellees.

No. 79–3899
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1980.

Thomas McKee West, Atlanta, Ga., for plaintiff–appellant.

Daryl A. Robinson, Atlanta, Ga., for defendants–appellees.

## ON PETITION FOR REHEARING

(Opinion June 30, 1980, 5 Cir., 620 F.2d 495.)

Before RONEY, VANCE and SAM D. JOHNSON, Circuit Judges.

### PER CURIAM:

Appellant's motion for leave to file petition for rehearing out of time is granted. Upon consideration of such petition the original opinion of this Court is withdrawn and the following substituted therefor.

Plaintiff–appellant, Willie George, sued various prison officials under 42 U.S.C. § 1983 for deprivation of his constitutional rights. He contends this deprivation occurred when prison guards beat him without provocation while he was an inmate at the Georgia Industrial Institute. The jury returned a verdict in favor of the defendants. George claims that the district court erred in refusing to submit an instruction to the jury that if they found that George "was subjected to cruel and unusual punishment you may find for him." Since we find that the district court properly refused to submit this proposed instruction, we affirm.

### I

George's original suit named as defendants the following: David Evans, Commissioner of the Georgia Department of Offender Rehabilitation; David England, Warden of the Georgia Industrial Institute; and D. J. Lomax and Jake Dill, Guards at the Georgia Industrial Institute. The district court dismissed Evans from this suit and granted a directed verdict in favor of defendant England. George does not contest the validity of these rulings in this appeal. The jury was left to consider only the liability of the guards, Lomax and Dill. Plaintiff testified that Lomax slapped him in the face when he refused to take a disciplinary report that Lomax was delivering to him in his cell. George, according to his own testimony, then came out of his second floor cell to accompany the guards,

Lomax and Dill, downstairs. Lomax struck George with a nightstick as he approached the stairwell. George tumbled down the steps, and Lomax struck him again in the back of the head with the nightstick as he was getting up. George then ran to the prison control room to escape further beating, but was told to leave. When George ran back toward his cell, Dill pushed him towards Lomax, who then beat and kicked him further. Two other inmates gave testimony supporting George's version of the incident. One inmate corroborated George's story that he was beaten at the top of the stairwell, and another inmate corroborated George's story that he was beaten at the base of the stairwell.

The guards' version of their encounter with George was, predictably, quite different. Lomax went to George's cell to deliver a copy of disciplinary report charges and to take George to an interview room to get his version of the charges. Dill stood on the lower level of the cell block and operated the control panel for the cell doors. Lomax stood outside George's cell on the second floor of the cell block. When Dill opened the cell, George yelled and lunged at Lomax, kicking him in the groin. Dill saw George's kick almost send Lomax over the guard rail on the catwalk in front of George's cell. Dill ran to Lomax's aid and gave him his nightstick. Lomax struck George on the head with his nightstick probably three or four times.

Lomax and Dill testified that after they subdued George on the second floor of the cell block, they immediately took him to the hospital for treatment of his injuries. They testified that no further force was used against George.

## II

Thus, the jury had to choose between two versions of the same event. George's testimony indicated a prolonged and unprovoked beating. Lomax and Dill's testimony indicated that Lomax used his nightstick on George only briefly to control a violent outburst that endangered Lomax's own safety.

The court charged the jury that they should find for George if Lomax and Dill used more force to subdue George than would have appeared to be necessary to a reasonable person. The court also charged the jury that they should return a verdict against George if Lomax and Dill used only the force that was reasonably necessary to protect themselves or others from injury. The jury returned a verdict in favor of Lomax and Dill.

George requested the court to charge the jury regarding cruel and unusual punishment as follows:

What constitutes cruel and unusual punishment is not easy to define. There are, however, three approaches which are used in determining whether a punishment is cruel and unusual.

The first approach is to ask whether under all the circumstances the punishment in question is of such character as to shock the general conscience or to be intolerable to fundamental fairness.

Secondly, a punishment may be cruel and unusual if it is greatly disproportionate to the offense for which it is imposed.

Finally, a punishment may be cruel and unusual when, although applied in pursuit of a legitimate penal aim, it goes beyond that aim that is, when a punishment is unnecessarily cruel in view of the purpose for which it is used.

Should you determine under any approach that plaintiff was subjected to cruel and unusual punishment you may find for him.

## III

■ The district court properly refused to submit George's proposed instruction on cruel and unusual punishment to the jury. Punishment is an action by prison guards or a condition of confinement that is applied to an inmate for a penal or disciplinary purpose and is at least apparently authorized or acquiesced in by high prison officials. An isolated assault by an individual guard on an inmate is not, within the meaning of the eighth amendment, punishment. *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.)

(Friendly, J.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). *See also Sheffey v. Greer*, 391 F.Supp. 1044, 1046 (E.D.Ill.1975) ("[a] single punch in the face by a prison guard does not constitute cruel and unusual punishment"); Annot., 51 A.L. R.3d 111, 146 (1973). That a single, unauthorized assault by a guard does not constitute cruel and unusual punishment does not leave prisoners unprotected against the use of unreasonable force by prison guards. Whether or not an eighth amendment violation can be established, the use of undue force by a prison guard is actionable as a deprivation of fourteenth amendment due process rights.

Here, George's evidence showed at most an isolated beating. The evidence did not show that the action by the guards was apparently authorized or acquiesced in by high prison officials for a penal or disciplinary purpose. Consequently, there was no punishment in this case. Since the district court's refusal to instruct the jury on cruel and unusual punishment was proper, the judgment of the district court is affirmed.[1]

AFFIRMED.

1. Our disposition of George's contention that the district court should have submitted an instruction on cruel and unusual punishment makes unnecessary our consideration of George's second point on appeal, that he should be awarded attorney's fees if he prevails in this appeal.