**David L. PELFREY, Plaintiff–Appellant,**

v.

**Sean CHAMBERS; Larry Closser, Correction Officers, Individually and in their Official Capacities, Defendants–Appellees.**

No. 93–3278.

United States Court of Appeals,
Sixth Circuit.

Submitted May 3, 1994.

Decided Jan. 5, 1995.

David L. Pelfrey (briefed), Dayton, OH and Phyllis E. Brown (briefed), Copeland & Brown, Cincinnati, OH, for plaintiff-appellant.

Donald A. Cataldi, Asst. Atty. Gen. (briefed), Office of the Atty. Gen. of Ohio, Columbus, OH, for defendants-appellees.

Before: JONES and BATCHELDER, Circuit Judges; and GILMORE, District Judge.*

GILMORE, D.J., delivered the opinion of the court, in which JONES, J., joined. BATCHELDER, J. (pp. 1038–1040), delivered a separate dissenting opinion.

GILMORE, District Judge.

This case presents the question of whether the isolated and unauthorized use of force by a prison guard on an inmate constitutes "punishment" within the meaning of the Eighth Amendment. The district court concluded that a spontaneous assault does not state a cognizable claim under the Eighth Amendment. For the reasons set forth below, we reverse.

## I

Appellant David L. Pelfrey filed this action under 42 U.S.C. § 1983. In his complaint, Mr. Pelfrey alleged that on January 2, 1992, while incarcerated at the London Correctional Institution (LCI), he was assaulted by correctional officers Sean Chambers and Larry Closser. Pelfrey's complaint set forth the following facts in support of his request for damages and injunctive relief:

> On January 2, 1992, after returning from my job assignment, I went to the Upstairs Office at the London Correctional Camp ... to obtain my mail. Correction Officers (and Defendants) Chambers and Closser were in the office. I asked Officer Closser for my mail. I was responding to a question from Officer Closser when he started walking around from where he had been standing behind the desk. He (Officer Closser) pulled out his knife as he walked toward me. When he got within reach of me, Officer Closser put one hand on my shoulder and the other one on top of my head. I instinctively put my hands on top of my head, and at that time, Officer Chambers pulled his knife out and grabbed my hands, forcing them down to my side. Officer Closser then proceeded to cut my hair with his knife. After cutting off a great portion of my hair, Officer Chambers then let me go, and he (Officer Chambers) stood there grinning and smiling, while Officer Closser was laughing and dropping my hair on the floor. These officers had me scared, intimidated, and threatened.

(J.A. at 7).

After the incident, Mr. Pelfrey filed an Informal Grievance and contacted both the Institution Inspector and the Warden. A "use of force" committee was appointed, and after an investigation, both correctional officers were given four days of administrative leave.

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

Shortly thereafter, Mr. Pelfrey filed the complaint that is the subject of this appeal, in which he alleged that Officers Chambers and Closser had inflicted cruel and inhumane punishment on him in violation of the Eighth Amendment. Pelfrey's complaint sought money damages and further requested that the defendant officers either forfeit their jobs or be required to undergo treatment for their "abusive behavior."

Defendants Chambers and Closser filed a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c). The defendants asserted that Mr. Pelfrey's complaint did not state a cognizable claim because, even accepting his factual allegations as true, the complaint stated, at most, a claim for common law assault rather than a violation of the Eighth Amendment's proscription against cruel and unusual punishment. The defendants argued that, even if they had cut off Mr. Pelfrey's hair without provocation or justification, their actions did not constitute "punishment" because it was not administered for penological or disciplinary purposes.

The district court issued an Opinion and Order, granting defendants' Motion for Judgment on the Pleadings. The court held that Mr. Pelfrey's complaint failed to state a cause of action arising under § 1983 because "a spontaneous, isolated assault by a prison guard on an inmate is not punishment within the Eighth Amendment." The court further held that, in order for an action to constitute punishment, it must be imposed for penal or disciplinary purposes.

In reaching its conclusion, the district court relied on the Second Circuit's decision in *Johnson v. Glick*, 481 F.2d 1028 (2nd Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973) and the Fifth Circuit's decision in *George v. Evans*, 633 F.2d 413 (5th Cir.1980). However, we believe these cases are inapposite given the slate on which we currently write.

## II

When *Johnson v. Glick* and *George v. Evans* were decided, the circuits were split on the issue of whether the Eighth Amend-

ment's proscription against "excessive force" was coextensive with the Fourteenth Amendment's protection against deprivations of liberty. The Second and Fifth Circuits resolved the issue by holding that a spontaneous, unauthorized assault on a prisoner by a prison guard was cognizable under the Fourteenth Amendment rather than the Eighth Amendment. Significantly, neither circuit intended to deprive prisoners of a federal forum and a federal remedy when prison officials are charged with the intentional use of excessive force. *See Johnson v. Glick*, 481 F.2d at 1032 ("constitutional protection against police brutality is not limited to conduct violating the specific command of the Eighth Amendment"; "application of undue force by law enforcement officers deprives a suspect of liberty without due process of law") *and George v. Evans*, 633 F.2d at 416 ("[w]hether or not an Eighth Amendment violation can be established, the use of undue force by a prison guard is actionable as a deprivation of Fourteenth Amendment due process rights").

In 1989, the Supreme Court, in an often cited footnote, suggested that all post-conviction excessive force claims were to be raised under the Eighth Amendment rather than the Fourteenth Amendment:

> [T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. After conviction, the Eighth Amendment "serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified." Any protection that "substantive due process" affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment.

*Graham v. Connor*, 490 U.S. 386, 395, n. 10, 109 S.Ct. 1865, 1871, n. 10, 104 L.Ed.2d 443 (1989), (quoting *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1979)).

Following the Supreme Court's directive, this circuit recently held that all post-conviction excessive force claims are to be raised "exclusively under the Eighth Amendment's cruel and unusual punishment

clause." *Cornwell v. Dahlberg,* 963 F.2d 912, 915 (6th Cir.1992). Accordingly, based on the legal landscape in which we currently write, we reject the district court's reliance on *Johnson v. Glick* and *George v. Evans.*

### III

The Eighth Amendment to the United States Constitution provides as follows:

Excessive Bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

In *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court clarified the standard to be used in analyzing "excessive force" claims under the Eighth Amendment:

[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

*Id.* ——, 112 S.Ct. at 999, 117 L.Ed.2d at 165–66.

■ Although the maintenance of prison security and discipline may often require that prisoners be subjected to physical contact which at common law would be actionable as an assault, *see Parrish v. Johnson,* 800 F.2d 600 (6th Cir.1986), a violation of the Eighth Amendment will nevertheless occur if "the offending conduct [ ] reflect[s] an 'unnecessary and wanton infliction of pain.'" *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir.1993) (quoting *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (other citations omitted). *Accord Duckworth v. Franzen,* 780 F.2d 645, 652 (7th Cir.1985) ("If a guard decided to supplement a prisoner's official punishment by beating him, this would be punishment. . . .")

■ In this case, defendants have not asserted that the assault on Pelfrey occurred as a result of a "good-faith effort to maintain or restore discipline." Nor can it be said that defendants' conduct furthered any other legitimate penological or institutional objective. Instead, it would certainly appear that defendants' actions (assuming *arguendo* that defendants committed the acts alleged in plaintiff's complaint) were designed to frighten and degrade Pelfrey by reinforcing the fact that his continued well-being was entirely dependent on the good humor of his armed guards. To us, given the closed nature of the prison environment, this constitutes a totally unwarranted, malicious and sadistic use of force to cause harm. *See Parrish,* 800 F.2d at 605 (waving of a knife in petitioner's face, knife-point extortion of potato chips and cookies, incessant taunting, and failure to relay *petitioner's requests for medical care* "are all unnecessary acts which result in pain being inflicted").

■ We categorically reject defendants' argument that "an unprovoked attack is not punishment." To hold otherwise would ignore the power arrangements that exist within the prison environment and lead to the anomalous result in which a prisoner who is assaulted after having provoked a guard can state a cognizable claim for a constitutional violation while his cellmate who is assaulted *for absolutely no reason* is afforded only that relief permitted by state law. Such a result is devoid of all logic and flies in the face of this Court's previous statement that "the motivation of an assault" is relevant to the question of "whether the measure taken inflicted unnecessary and wanton pain." *Moore v. Holbrook,* 2 F.3d at 700.

For the foregoing reasons, we believe that Plaintiff Pelfrey has stated a cognizable claim under § 1983 for a violation of the Eighth Amendment.

### IV

In the court below and on appeal, defendants argued that plaintiff's complaint should be ·dismissed, at least insofar as it sought money damages, because "Pelfrey did not specify that he was suing the defendant correctional officers in their individual capaci-

ties." [1] *See Wells v. Brown*, 891 F.2d 591 (6th Cir.1989).

█ In *Wells*, this Court held that inmates seeking damages under § 1983 were required to set forth clearly in their pleadings that they were suing state officials in their individual capacities rather than in their capacities as state officials. *Id.* at 593–594. The rationale behind this requirement was to afford state officials sufficient notice of the fact that they could be held personally liable for the payment of any damage award obtained by the plaintiff. *Id.* Absent specific notice, the court held that it would construe an ambiguous complaint as a complaint against the officers in their official capacities. *Id.*

█ The instant case can and should be distinguished from *Wells*. Although Mr. Pelfrey's complaint did not specify whether the defendants were being sued in their individual or official capacities, one month after the complaint was filed, Mr. Pelfrey filed a motion to bar the Ohio Attorney General from representing the defendants. In his motion, Mr. Pelfrey specifically stated that the defendants acted outside the scope of their employment and in bad faith when they cut his hair. Based on this pleading, we believe that defendants were given sufficient notice of the fact that they were being sued in their individual capacity. Moreover, as plaintiff's case was dismissed at an early stage of the proceedings, any failure to specify capacity is a flaw subject to amendment upon remand. *See generally* Fed.R.Civ.P. 15(a) (allowing liberal leave to amend "when justice so requires"). Accordingly, we reverse the decision of the district court and remand this case for proceedings not inconsistent with this opinion.

BATCHELDER, Circuit Judge, dissenting.

Although I accept the majority's reasoning in Part IV of its opinion that the defendants were given sufficient notice of the fact that they were being sued in their individual ca-

pacity, and I therefore concur in that conclusion, I disagree with the majority's determination that the district court improperly granted defendants' motion for judgment on the pleadings on the Eighth Amendment claim. Therefore, I respectfully dissent.

Pelfrey's first argument on appeal is that the behavior of defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. The district court considered Pelfrey's claim pursuant to defendants' Rule 12(c) motion for judgment on the pleadings. Fed.R.Civ.P. 12(c). In considering this motion, the district court must accept all the factual allegations as true. *Beal v. Missouri Pac. R.R. Corp.*, 312 U.S. 45, 51, 61 S.Ct. 418, 421, 85 L.Ed. 577 (1941). After consideration of the applicable law, the district court granted the motion.

The standard of review for a judgment on the pleadings under Rule 12(c) is the same as that under Fed.R.Civ.P. 12(b)(6). *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir.1987). Whether the district court correctly dismissed the suit at the pleadings stage is a question of law subject to de novo review. *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 296 (6th Cir. 1993). After a careful de novo review of the record, I believe that the district court did not err in granting the defendants' motion.

In *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court set out the standard to apply when prison officials are accused of using excessive physical force in violation of the Eighth Amendment: "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* ——, 112 S.Ct. at 996. Pelfrey contends that in cutting his hair, the defendants acted maliciously and sadistically to cause harm.

The district court, in rejecting Pelfrey's argument, noted that in *McMillian*, the Court tempered this broad standard stating: "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a

---

1. Of course, even if defendants' arguments were well-taken, that would not provide an alternative basis for dismissing petitioner's complaint. To the extent that Pelfrey's complaint also seeks

injunctive relief for the actions of the correctional officers, that portion of his complaint would survive an Eleventh Amendment challenge.

federal cause of action." *Id.* ——, 112 S.Ct. at 1000 (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). The district court went on to focus on whether the guards' actions constituted "punishment" under the Eighth Amendment.

The district court stated:

Punishment is an action by prison guards or a condition of confinement applied to an inmate for a penal or disciplinary purpose and authorized by high level prison officials. *George v. Evans,* 620 F.2d 495 (5th Cir.1980). A spontaneous, isolated assault by a prison guard on an inmate is not punishment within the Eighth Amendment. *Id.* at 497; *Johnson v. Glick,* 481 F.2d at 1032. ("[A]lthough a spontaneous attack by a guard is 'cruel' and, we hope, 'unusual,' it does not fit any ordinary concept of 'punishment.'").

*Pelfrey v. Chambers,* No. C–2–92–225, slip op. at 5 (S.D.Ohio Feb. 8, 1993).

The Supreme Court explicitly refused to address the "punishment" argument in *McMillian.* Citing *Glick* and *George v. Evans,* 620 F.2d 495 (5th Cir.1980), the *McMillian* Court noted that circuit courts had found similar uses of force to be beyond the scope of "punishment" prohibited by the Eighth Amendment. However, the Court found this argument was "inapposite" to the facts of *McMillian,* since the violence at issue in *McMillian* was "not an isolated assault," the question of whether the acts were unauthorized was not before the Court, and the supervisor had " 'expressly condoned the use of force in this instance.'" *McMillian,* 503 U.S. at ——, 112 S.Ct. at 1001–02 (quoting the Magistrate's finding).

Unlike the plaintiff in *McMillian,* Pelfrey does not claim that this assault was anything other than an isolated incident; neither does he claim that the use of force was authorized or condoned by defendants' supervisors. Further, Pelfrey does not claim that there was a penal or disciplinary purpose for the haircut or that this was anything other than a spontaneous isolated assault. *See Glick,* 481 F.2d at 1032; *Evans,* 633 F.2d 413, 415.[1] Rather, he claims solely that the assault was an isolated, malicious act by the defendants.

While the punishment issue has not been directly addressed by the Supreme Court, the reasoning of the district court and the holdings of the Fifth Circuit in *Evans* and the Second Circuit in *Glick* are persuasive. A hair cut would not ordinarily be considered a punishment and, in this case, it is clear from the facts as stated by Pelfrey, that this haircut was an isolated and unauthorized assault upon him. Even if Chambers and Closser cut Pelfrey's hair, their actions, while inexcusable, are outside the scope of "punishment" prohibited by the Eighth Amendment.

I therefore disagree with the majority that Pelfrey has stated an Eighth Amendment claim. In its opinion the majority summarily "rejects" the district court's reliance on *Johnson v. Glick* and *George v. Evans* because of a perceived change in the legal landscape of Eighth Amendment jurisprudence. I respectfully disagree, however, with the majority's pronouncement that *Glick* and *Evans* are dead. Contrary to the majority opinion, both this Court and the U.S. Supreme Court have continuously relied upon *Glick* in analyzing allegations of cruel and unusual punishment. *See Hudson v. McMillian,* 503 U.S. 1, ——, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter,* 501 U.S. 294, 300, 111 S.Ct. 2321, 2325, 115 L.Ed.2d 271 (1991); *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986); *Moore v. Holbrook,* 2 F.3d 697, 700 (6th Cir.1993); *Williams v. Browman,* 981 F.2d 901, 905 (6th Cir.1992); *Branham v. City of Dearborn Heights,* 830 F.Supp. 399, 401 (E.D.Mich.1993); *Jabbar-El v. Sullivan,* 811 F.Supp. 265, 273 (E.D.Mich.1992). Furthermore, both *Glick* and *Evans* are cited favorably by the Supreme Court in *Hudson v. McMillian* which set the standard to apply when considering Eighth Amendment claims of excessive force.

---

1. *Evans* was initially withdrawn and then re-released. The pertinent language is retained in the subsequent opinion of the Fifth Circuit. *George v. Evans,* 633 F.2d 413 (5th Cir.1980).

*See McMillian,* 503 U.S. at ——, ——, and ——, 112 S.Ct. at 998, 1000, and 1001.

In *Graham v. Connor,* 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 1871 n. 10, 104 L.Ed.2d 443 (1989), the Court clarified the principle that post-conviction excessive force claims are properly raised pursuant to the Eighth Amendment rather than the Fourteenth Amendment. According to the majority's analysis, *Glick* and *Evans,* both decided before *Graham v. Connor,* are not to be relied upon now because they led the Second and Fifth Circuits, respectively, to recognize claims of excessive force under the Fourteenth Amendment rather than the Eighth Amendment. The majority's reading of *Glick* and *Evans* is curious. In *Glick,* the Second Circuit first analyzed the prisoner's excessive force claim under the Eighth Amendment. Pursuant to its analysis, the *Glick* court rejected the prisoner's claim on Eighth Amendment grounds "express[ing] doubt whether a 'spontaneous attack' by a prison guard, done without the authorization of prison officials, fell within the traditional Eighth Amendment definition of 'punishments.' " *Graham v. Connor,* 490 U.S. at 393 n. 6, 109 S.Ct. at 1870 n. 6 (citing *Glick,* 481 F.2d at 1032). Having concluded that the claim was not cognizable under the Eighth Amendment, the *Glick* court went on to consider the claim under a substantive due process analysis. At the very least, the *Glick* court applied a broader constitutional standard under a general due process analysis and still found that an isolated, spontaneous incident does not violate a prisoner's constitutional rights. *Glick,* 481 F.2d at 1033.

Likewise, the *Evans* court could not have relied upon the Eighth Amendment more explicitly than it did when it stated: "An isolated assault by an individual guard on an inmate is not, within the meaning of the eighth amendment [sic], punishment." *Evans,* 633 F.2d at 415–16 (citing *Glick,* 481 F.2d at 1032).

The majority cites *Cornwell v. Dahlberg,* 963 F.2d 912 (6th Cir.1992) as significant for its holding that post-conviction excessive force claims are properly raised exclusively pursuant to the Eighth Amendment. How-ever, seven months after this Court's decision in *Cornwell,* we again relied upon *Glick* in our decision in *Williams v. Browman,* 981 F.2d 901 (6th Cir.1992). In *Williams,* this Court affirmed the district court which had specifically relied upon *Glick* in dismissing a prisoner's claim for relief on Eighth Amendment grounds. *Williams,* 981 F.2d at 905. Therefore, *Cornwell* should not be interpreted to nullify the holding in *Glick.*

The majority also cites *Moore v. Holbrook,* 2 F.3d 697 (6th Cir.1993), for the principle that a violation of the Eighth Amendment will nevertheless occur if "the offending conduct [ ] reflect[s] an 'unnecessary and wanton infliction of pain.' " *Id.* at 700 (citations omitted). Once again, however, *Moore* itself cites *Glick:* " 'the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." ' " *Moore,* 2 F.3d at 700 (quoting *Whitley,* 475 U.S. at 320–21, 106 S.Ct. at 1085 (quoting *Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973))).

Unlike the majority I would not reject *Glick* or *Evans.* Both *Glick* and *Evans* analyze excessive force claims under the Eighth Amendment. Both cases have been relied upon by the Supreme Court in *McMillian.* Once again I believe the district court's reasoning and the court's reliance on *Glick, Evans,* and *McMillian* is persuasive and that Pelfrey did not state an Eighth Amendment claim.

On the Eighth Amendment claim, therefore, I would affirm the district court's grant of judgment on the pleadings for the defendants.