**Brent McKINNEY, Plaintiff,**

**v.**

**Billy COMPTON, et al., Defendants.**

**No. 95–2043–M1/Bro.**

United States District Court,
W.D. Tennessee,
Western Division.

May 11, 1995.

Brent McKinney, pro se.

## ORDER OF PARTIAL DISMISSAL AND ORDER TO ISSUE SERVICE FOR REMAINING DEFENDANT

McCALLA, District Judge.

Plaintiff, Brent McKinney, an inmate at the Special Needs Facility (SNF) in Nashville, Tennessee, who was formerly confined at the West Tennessee High Security Facility (WTHSF) in Henning, Tennessee, has filed a complaint under 42 U.S.C. § 1983.

Plaintiff sues WTHSF Warden Billy Compton, WTHSF nurses Beverly Donvan and Dorothy Taylor, physicians assistants Bill Harbor, and Barry Mathews, Sergeant Aaron Tittle, officer Billy Kiestler, and a private physician, Doctor Fletcher Gooden.

Plaintiff alleges that on October 20, 1994, Kiestler grabbed plaintiff in a headlock while he and Tittle attempted to handcuff him, and that after he was handcuffed, Kiestler poked him in the eye. Harbor examined his eye that day and concluded that he had a minor scratch. On October 24 he was examined again, this time by Mathews, who diagnosed a burst blood vessel. On October 27, ophthalmologist Dr. Gooden pulled on plaintiff's eyelids while examining plaintiff.

On November 17 plaintiff filed a grievance against Kiestler and Mathews regarding being poked and the alleged delay in being referred to an ophthalmologist. Unspecified persons thereafter charged plaintiff with a disciplinary violation.

The complaint alleges no actions whatsoever by Compton, or nurses Taylor or Donvan. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters,* 753 F.2d 498, 500 (6th Cir.1985). The complaint as to Compton, Taylor, and Donvan lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 31–33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

The claim that plaintiff was charged with a disciplinary violation is meritless. Prisoners have no liberty interest in freedom from being charged with a disciplinary violation. *See generally Wolff v. McDonnell,* 418 U.S. 539, 564–71, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974); *Wolfel v. Morris,* 972 F.2d 712 (6th Cir.1992). As plaintiff alleges no violation of the due process procedures enunciated in *Wolff* or its progeny, this claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton,* 504 U.S. at 31–33, 112 S.Ct. at 1733; *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

The complaint as to Tittle is also frivolous, since it merely alleges that he was attempting to handcuff plaintiff. "It goes without saying that prisoners may be restrained." *Holloway v. Gunnell,* 685 F.2d 150, 156 (5th Cir.1982). This claim also lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton,* 504 U.S. at 31–33, 112 S.Ct. at 1733; *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32.

The claims against Harbor, Mathews, and Gooden, are meritless. The Eighth Amendment prohibits cruel and unusual punishment. *See generally Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The Eighth Amendment proscription on cruel and unusual punishment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference consti-

tutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

█ An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); *Hudson v. McMillian,* 503 U.S. 1, 6–8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2323–24; *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir.1992). The objective component requires that the deprivation be "sufficiently serious." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Hudson,* 503 U.S. at 6–8, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 298, 111 S.Ct. at 2323–24. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Wilson,* 501 U.S. at 297, 302–03, 111 S.Ct. at 2323, 2326–27. The official's intent must rise at least to the level of deliberate indifference. *Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Wilson,* 501 U.S. at 303, 111 S.Ct. at 2326–27.

Within the context of *Estelle* claims, the objective component requires the medical need to be sufficiently serious. *Hunt,* 974 F.2d at 735. "A medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) (quoting *Laaman v. Helgemoe,* 437 F.Supp. 269, 311 (D.N.H.1977)).

The Supreme Court has also clarified the subjective component: the intent of the prison official. *See, e.g., Farmer,* —— U.S. at ——, 114 S.Ct. at 1977. *Cf. Wilson,* 501 U.S. at 298–301, 111 S.Ct. at 2324–25; *Caldwell v. Moore,* 968 F.2d 595, 602 (6th Cir.1992).

According to *Farmer,* deliberate indifference requires that the inmate prove that an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." *Farmer v. Brennan,* —— U.S. at ——, 114 S.Ct. at 1979.

█ Plaintiff has not established the subjective component of an Eighth Amendment claim. In order to make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir.1976). According to *Farmer,* deliberate indifference requires that the inmate prove that an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* —— U.S. at ——, 114 S.Ct. at 1979.

Here, however, the defendants are alleged merely to have provided treatment for a medical problem. Mathews is alleged merely to have referred plaintiff to a specialist. Plaintiff does not allege that he was not provided proper treatment or that he was injured in any way, merely that he found the treatment administered by Dr. Gooden to be uncomfortable. Many civilian patients in hospitals and doctor's offices must endure unpleasant or even painful treatments. The defendant medical care providers did not inflict cruel and unusual punishment by providing plaintiff with medical treatment.

As the above claims are frivolous, they are **DISMISSED** pursuant to 28 U.S.C. § 1915(d).

█ Finally, the only remaining allegation is that Kiestler poked plaintiff in the eye after he was handcuffed. The Eighth Amendment proscription on cruel and unusual punishment encompasses an inmate's right to be free from excessive force. *Hudson v. McMillian,* 503 U.S. at 6–8, 112 S.Ct. at 999; *Johnson v. Glick,* 481 F.2d at 1033. An excessive force claim is subject to the same two component test enunciated above. *Hudson,* 503 U.S. at 6–8, 112 S.Ct. at 999.

[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

*Hudson*, 503 U.S. at 6–8, 112 S.Ct. at 999. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).[1] Prison officials are entitled to use physical force to compel obedience by inmates. *See, e.g., Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir.1992). Furthermore, the reasonableness of force depends on the circumstances under which it is used. Greater force may be reasonable when used in response to a serious disturbance or acts of inmate violence.

Here, plaintiff alleges he was already restrained when Kiestler poked him in the eye and injured him. This claim requires a response. As to this claim alone, it is ORDERED that the clerk shall issue process for defendant Kiestler and deliver said process to the marshal for service.

Service shall be made on defendant Kiestler either by mail pursuant to Rule 4(e)(1) and Tenn.R.Civ.P. 4.03 and 4.04(12) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further **ORDERED** that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall promptly notify the clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

**IT IS SO ORDERED.**

---

1. While, as recently reiterated by the Sixth Circuit in *Pelfrey v. Chambers*, 43 F.3d 1034, 1036–37 (6th Cir.1995), the full scope of *Johnson v. Glick* has been bypassed by more current jurisprudence, the command to view prison violence from the practical and realistic perspective of the prison instead of the abstract and theoretical perspective of the bench has been repeatedly reasserted by the Supreme Court. *See, e.g., Hudson*, 503 U.S. at 8–10, 112 S.Ct. at 1000; *Pelfrey*, 43 F.3d at 1038–39 (Batchelder, J. dissenting).