104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Lee HARVEST, Plaintiff-Appellee,
v.
John RANDOLPH, Defendant-Appellant, and
State of Tennessee, Department of Transportation, Defendant.
 No. 95-6319.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 On Appeal from the United States District Court, for the Eastern District of Tennessee, No. 94-00497; Thomas W. Phillips, United States Magistrate Judge.
 E.D.Tenn.
 REVERSED.
 Before: LIVELY and NELSON, Circuit Judges, and HACKETT*, District Judge.
 PER CURIAM.
 
 
 1
 The defendant John Randolph appeals from the district court's denial of his motion for summary judgment on the ground of qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Mitchell v. Forsyth, 472 U.S. 511 (1985).
 
 I.
 
 2
 Represented by an attorney, Jimmy Lee Harvest, who is an African-American, sued the Tennessee Department of Transportation (TDOT), his former employer, and John Randolph, his immediate supervisor at TDOT, in a Tennessee state court, alleging that the defendants discriminated against him on the basis of his race. The complaint charged both defendants with violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and a Tennessee civil rights statute, and of conspiracy to force his resignation in violation of 42 U.S.C. §§ 1983 and 1985. Though not clearly stated, the claim under § 1983 appears to have charged violation of the Equal Protection Clause of the Fourteenth Amendment. The prayer for relief demanded damages against both defendants in the amount of $250,000 and reinstatement to his former position, with full back pay and benefits. As an action under federal civil rights laws, the case was removed to district court. See 28 U.S.C. § 1443.
 
 
 3
 The defendants filed a motion to dismiss and for summary judgment. With consent of the parties, the case was transferred to a magistrate judge for final disposition. After some discovery, the magistrate judge issued an order granting in part and denying in part the defendants' motion. The court concluded that the plaintiff had failed to make out a prima facie case for recovery under Title VII and had failed to establish a conspiracy in violation of 42 U.S.C. § 1985. The court held that TDOT was immune from suit for damages under the Eleventh Amendment, but that Randolph had been sued in his individual capacity and was not entitled to qualified immunity.
 
 
 4
 In accordance with these rulings, the district court dismissed all claims against TDOT and the claims against Randolph predicated on a Title VII violation and a conspiracy. It also dismissed the state law claim without prejudice. Randolph appeals from the refusal of the court to dismiss the claims against him brought under 42 U.S.C. § 1983. The plaintiff conceded in a memorandum filed in the district court that he had not satisfied the requirements of a Title VII claim or established the existence of a conspiracy. He also conceded that TDOT was immune from suit under the Eleventh Amendment. The only claim remaining is the § 1983 claim against Randolph.
 
 
 5
 The parties waived oral argument, and the appeal was submitted on the district court record and Randolph's brief. The appellee, Harvest, did not file a brief. Although Randolph has challenged several of the district court's rulings, only one need be addressed here: the district court's denial of Eleventh Amendment immunity based on its belief that Randolph was sued in his personal, rather than official, capacity. We have interlocutory appellate jurisdiction over a denial of Eleventh Amendment immunity. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993); Williams v. Kentucky, 24 F.3d 1526, 1543 (6th Cir.), cert. denied, 115 S.Ct. 358 (1994).
 
 II.
 A.
 
 6
 As he did before the district court, Randolph argues on appeal that he was sued only in his official capacity and therefore shares the absolute Eleventh Amendment immunity of TDOT. We agree.
 
 
 7
 The complaint in this case did not specify the capacity in which Harvest sued Randolph. Under the settled law of this Circuit, where a complaint seeking monetary damages against a state official under 42 U.S.C. § 1983 does not clearly state that the official is sued in his individual or personal capacity, the court must treat the lawsuit as one against the defendant in his official capacity. Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). See also Wittington v. Milby, 928 F.2d 188, 193 (6th Cir.), cert. denied, 502 U.S. 883 (1991); Hardin v. Straub, 954 F.2d 1193, 1199 (6th Cir.1992); Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 383 (6th Cir.1993), all to the same effect. The court recognized this rule in Pelfrey v. Chambers, 43 F.3d 1034, 1038 (6th Cir.), cert. denied, 115 S.Ct. 2269 (1995), but found that the plaintiff had taken steps shortly after filing the complaint to make it clear that the defendant was sued in his individual capacity. Thus the individual defendant in that case had sufficient notice that the plaintiff was seeking damages from him individually, not as a state official.
 
 B.
 
 8
 The magistrate judge recognized the Wells rule, but stated, "Giving plaintiff the benefit of the doubt, the court accepts plaintiff's argument that he is suing defendant Randolph in his individual capacity." We can find no basis for this ruling. Then Chief Judge Merritt's language cannot be misunderstood and is not subject to interpretation. He wrote in Wells that plaintiffs seeking damages under § 1983 must "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." Wells, 891 F.2d at 592.
 
 
 9
 This case differs from the situation in Pelfrey where a panel of this court found Wells distinguishable. Here the defendants TDOT and Randolph filed their joint motion to dismiss and for summary judgment on May 26, 1995. The magistrate judge filed his dispositive order on September 5, 1995. Although the Tennessee Attorney General filed an answer and the motion to dismiss and for summary judgment on behalf of both defendants, the plaintiff did not amend his complaint to state clearly that he was suing Randolph in his individual capacity though he had more than three months in which to do so. Nor did he take any other steps to notify Randolph that he was being sued individually for damages. In Pelfrey, on the other hand, the court found that the plaintiff gave sufficient notice to defendants who were state officials that they were being sued individually for damages. The notice stemmed from the fact that shortly after filing the complaint Pelfrey filed a motion to prohibit the Ohio Attorney General from representing the individual defendants because they were being sued in their individual capacities. Pelfrey, 43 F.3d at 1038. Thus, the present case is not analogous to the situation in the only published decision where this court has not applied the Wells rule strictly.
 
 III.
 
 10
 Since the Supreme Court's decision in Will v. Michigan Department of State Police, 491 U.S. 58 (1989), it is settled law that state officials sued for damages under § 1983 in their official capacities are absolutely immune under the Eleventh Amendment. This is so because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at 71 (citations omitted). Concluding as we do that Harvest sued Randolph in his official capacity only, Randolph is entitled to absolute immunity. We need not discuss qualified immunity, as that defense applies only to state actors sued in their individual capacities.
 
 
 11
 The judgment of the district court is REVERSED and the case is REMANDED to the district court with directions to remand the 42 U.S.C. § 1983 claim against Randolph to the state court from which it was removed. See Henry v. Metropolitan Sewer District, 922 F.2d 332, 338 (6th Cir.1990).
 
 
 
 *
 The Honorable Barbara Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation