**Robert L. JOHNSON, Plaintiff–Appellant,**

v.

**Paul PERRY, John Perry, Mark Panasiewicz, Danny Loosemore, James Lachance, J. Vanable, Defendants–Appellees.**

No. 03–1324.

United States Court of Appeals,
Sixth Circuit.

Sept. 3, 2004.

Robert Lewis Johnson, Munising, MI, pro se.

Mitchell J. Wood, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before: SILER, COLE and ROGERS, Circuit Judges.

PER CURIAM.

Plaintiff Robert L. Johnson appeals a grant of summary judgment for the defendants in his Eighth Amendment claim under 42 U.S.C. § 1983. As a genuine issue of material fact exists which precludes a grant of summary judgment, and the district court erroneously relied upon the defendants' version of these disputed facts when it found that qualified immunity applied, we **REVERSE** and **REMAND** for further proceedings.

## I. BACKGROUND

Johnson claims that while incarcerated in a Michigan state prison he was physically assaulted by prison guards in violation of the Eighth Amendment. Johnson contends that the following occurred: after leaving a prison hearing room, Johnson noticed that Correction Officers Paul Perry, Mark Panasiewicz and James Lachance were huddled together, staring at Johnson and talking in hushed tones. As Johnson passed by the group of officers, Perry yelled at Johnson to move faster, calling him an "old bastard." Johnson states that he continued walking, but at that point Perry and Panasiewicz grabbed him by the neck and arms and forcibly escorted him toward the stairwell. Halfway down the stairs, Perry stepped on the chain between Johnson's leg irons and, with Panasiewicz's assistance, pushed Johnson down the stairs where Johnson fell to the concrete floor. While still on the floor, Johnson alleges that Perry put his foot on Johnson's cuffed hands to compress the cuffs into his fingers and lower back. Perry then put Johnson in a choke-hold, while Panasiewicz and Danny Loosemore assisted in taking Johnson to his cell, where they violently pushed Johnson onto the floor. Johnson states that Perry then instructed the other guards not to remove his restraints and to ignore his requests for medical attention.

Johnson's medical records indicate that the prison's health bureau was called at 12:30, around two to three hours after the alleged incident, and was informed that Johnson was requesting medical attention for some bruising. A nurse examined Johnson at around 15:30 and noted that Johnson had abrasions of various sizes on his neck, left shoulder and chest and that he had a broken fingernail with some dried blood underneath.

Perry issued a major misconduct ticket on Johnson, claiming that he disobeyed a direct order and was insolent. Perry states that when Johnson was to be returned to his cell, he refused to move and started cursing. Perry disputes Johnson's claims that he was knocked to the floor. The other guards generally concur with Perry's statement of the situation and a hearing officer later found Johnson guilty of disobeying a direct order and insolence.

Johnson's grievance against the officers was ultimately dismissed, as were Johnson's subsequent internal appeals. He then filed this § 1983 action in the district court, claiming a violation of his Eighth Amendment right against the use of excessive force, along with deliberate indifference to his medical needs, a false misconduct allegation resulting in his loss of good time credit, and supplemental torts under Michigan state law. The district court dismissed Johnson's deliberate indifference and false report allegations for failing to state a claim. Later in the proceedings, it granted summary judgment to the defendants on the Eighth Amendment excessive force claim and the supplemental state claims after finding that there was no genuine issue of material fact and that the defendants were entitled to qualified immunity.

## II. ANALYSIS

Summary judgment is reviewed de novo with all evidence viewed in the light most favorable to the non-moving party. *Chapman v. Higbee Co.*, 319 F.3d 825, 829 (6th Cir.2003). Taking this viewpoint, we must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether [the question] is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**A. Excessive force under the Eighth Amendment.** To prevail on an Eighth Amendment excessive force claim, Johnson must show that (1) the defendant(s) acted with a "sufficiently culpable state of mind," and (2) the alleged wrongdoing was objectively of such a harmful nature as to establish a constitutional violation. *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. However, no matter how malevolent the intentions were behind the force applied, the force must still have been of such an excessive nature under the circumstances that it is repugnant to the conscience. *Id.* at 7–9.

In granting summary judgment, the district court relied upon the fact that Johnson's medical records indicated that the injuries were relatively minor, *and* that all the guards stated that Johnson resisted returning to his cell. If true, the guards would be entitled to summary judgment, as it could not be said that the amount of force applied was excessive under such circumstances. *See id.* at 7–8. However, the district court presumptively credited the guards over Johnson in accepting that their version of the events is true. Johnson states that the force applied to him was unprovoked and occurred while he was shackled in handcuffs and leg irons. Additionally, while all the guards state that Johnson resisted returning to his cell, and had to be forcibly escorted, their statements vary in significant respects from each other. For example, it is unclear who escorted Johnson. Johnson claims VanAble and Loosemore escorted him, but both deny or cannot recall escorting Johnson on the day in question. No other officer can recall escorting Johnson, although the misconduct ticket written by Perry indicates that he escorted Johnson from the hearing.

The officers' versions of events also differ on when Johnson began resisting and, hence, when force first needed to be used. Additionally, Perry states in his affidavit that no one grabbed Johnson after he was ordered to move, but Loosemore stated in his report to the hearing officer that after ordering Johnson to move, "RUO Perry and RUO Panasiewicz grabbed Johnson by his arms and escorted [him] to his cell." Under the evidence presented, there is a dispute about whether the defendants had sufficiently culpable states of mind and "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

**B. Qualified immunity.** If the amount of force that is suggested by Johnson's medical records resulted from a forcible escort of Johnson after refusing to return to his cell, then the guards would clearly have been within the discretionary exercise of their authority, thus qualifying for immunity. *See Gravely v. Madden,* 142 F.3d 345, 347–48 (6th Cir.1998). However, Johnson's claim that the force was unprovoked, along with the variety of statements from the guards, renders qualified immunity inappropriate in this case. "[S]ummary judgment would not be appropriate if there is a factual dispute (i.e., a genuine issue of material fact) involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights." *Poe v. Haydon,* 853 F.2d 418, 426 (6th Cir.1988). An unprovoked application of force to a handcuffed and shackled prisoner would violate clearly established law under the Eighth Amendment. *See Pelfrey v. Chambers,* 43 F.3d 1034, 1037 (6th Cir.1995). "If the law was clearly estab-

lished, the immunity defense ordinarily should fail." *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Consequently, Johnson's Eighth Amendment and state tort battery claims should proceed.

**C. Additional claims.** Johnson's further allegations, including deliberate indifference to his medical needs in violation of the Eighth Amendment and the writing of a false misconduct ticket in violation of the Fourteenth Amendment, were abandoned on appeal. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998). Therefore John Perry, whose only involvement relates to the deliberate indifference claim, is dismissed from this action. Additionally, James Lachance was only alleged to have

been in the "huddle" before the alleged actions occurred. As Johnson has made no allegation, and has not generated any evidence, that Lachance was involved in causing his injuries beyond merely being seen with the co-defendants before the alleged assault, and Lachance's affidavit states that he only witnessed and logged the events in question, summary judgment is **AFFIRMED** as to Lachance. As to all other defendants, we **REVERSE** and **REMAND** for further proceedings.