**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0658n.06**
**Filed: August 4, 2005**

**04-1681**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GEORGE BRIKHO, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAMES HORAN, Macomb County Deputy | ) | EASTERN DISTRICT OF MICHIGAN |
| Sheriff, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MERRITT and DAUGHTREY, Circuit Judges, and PHILLIPS,[*] District Judge.

PER CURIAM. The plaintiff, George Brikho, filed this § 1983 action claiming that, while incarcerated in the work release facility in the Macomb County (Michigan) Jail, he was seriously injured when deputy sheriff James Horan woke him during roll call by kicking him in the back. Brikho sued the County, Sheriff Mark Hackel, and Horan, contending that Horan used excessive force in violation of the Eighth Amendment. The district court granted summary judgment to the County and Sheriff Hackel, and the case against Horan went to trial. At the conclusion of the plaintiff's case, the district court granted Horan's motion for judgment as a matter of law, finding that there was "not one shred of evidence in the

---

[*]The Hon. Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

record" that the defendant used excessive force "maliciously and sadistically for the very purpose of causing [the plaintiff] harm." We find no reversible error and affirm.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Brikho was a 27-year-old work release inmate at the county jail, asleep in his bunk bed at 9:30 one morning in May 2002, when Horan, a correctional officer at the jail, began taking a roll call of the prisoners. Three other inmates present at the time testified that because Horan could not wake Brikho verbally, he kicked Brikho in the back. The prisoners claimed that Horan would occasionally wake prisoners with a kick to the back or backside when they did not respond. Horan could not recall specifically what had happened on the day in question with regard to the roll call in Brikho's bunk area. He did testify that he commonly kicked or tapped the metal bunk frames with his foot when he needed to wake an inmate who did not respond verbally during a roll call.

Brikho testified that he was sleeping in his bunk, facing the wall of the cell, when he felt something impact him in the back. He said that he was startled, that he abruptly twisted around to see what it was, and that as he did so, he heard something in his back "pop." Later that day, he said, he began to feel pain throughout his back and legs. He claimed he was denied permission to visit the hospital that night after spending the day at work, but records showed that he also refused medical treatment at the jail. When he did go to a hospital ER the next day, he reported to medical personnel both that he had been "kicked" and that he had been "nudged." He did not receive continuing medical care for some three

weeks, supposedly because he had no medical insurance. Finally, at the behest of his

lawyer, Brikho saw Dr. Jeffrey Parker. Parker later testified that Brikho reported that he

had been repeatedly kicked in his side and back and that, as a result, Brikho suffered from

lumbar radiculopathy, causing pain, limitation of movement, and erectile dysfunction.

However, Brikho had previously injured his back in a 1997 automobile accident, suffering

many of the same symptoms that he reported to Dr. Parker in 2002, and at some point in

the proceedings, Brikho conceded that the events at the jail had merely exacerbated his

previous back injury, which had not been symptomatic for some three years.

In granting the defendant's "motion for a directed verdict," the district court said:

> I'm sorry, Mr. Brikho, but you do not have a case under the Eighth
> Amendment standard, and it should have been dismissed before it ever
> came to trial.[1] The requirement is that you show that the defendant used
> excessive force against the plaintiff maliciously and sadistically for the very
> purpose of causing the plaintiff harm. There is not one shred of evidence in
> the record, not one shred, that that was done in this case.
>
> At most, it was a kick, and there's conflicting testimony even on that, whether
> it was just a nudge with the foot, a pushing off with the foot, a shoving off.
> There's nothing to suggest, not anything, that this defendant acted
> maliciously or sadistically in this instance . . . .
>
> You have failed to meet the first element of this claim, and I would be remiss
> in sending this to the jury. I don't believe that any rational finder of fact could
> find a claim under the Eighth Amendment.

---

[1]Defense counsel apparently thought that he had previously filed a motion for summary judgment in Horan's favor, but the district court pointed out that there was none in the record.

The plaintiff appeals this ruling, contending that his case should have been submitted to the jury for resolution of disputed factual issues.

## DISCUSSION

On appeal, Brikho claims that the district court erred by granting Horan's motion for judgment as a matter of law. We review such a ruling de novo, *see Karam v. Sagemark Consulting, Inc.*, 383 F.2d 421, 427-28 (6th Cir. 2004), and affirm the district court's decision only if, viewing the evidence in the light most favorable to the non-moving party, a complete absence of proof existed on a material issue in the claim or there was no disputed issue of fact on which reasonable minds could have differed. *See id.* at 428 (quoting *LaPerriere v. Int'l Union UAW*, 348 F.3d 127, 132 (6th Cir. 2003)). In this case, we agree with the district court's determination that the there was a complete absence of proof on a material issue in the claim, i.e., the question of intent to harm, and that this failure of proof was dispositive.

In the first place, prison security and discipline may often require that prisoners be subjected to physical contact equivalent to common law assault. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). As the district court noted, "Not every such touch is malevolent." At the same time, a state actor violates a prisoner's Eighth Amendment rights by subjecting him to the unnecessary and wanton infliction of pain. *See Whitley*, 475 U.S. at 319. To determine the nature of the force, a court should ask

*04-1681*
*Brikho v. Horan*

whether the measure taken by the state actor was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). It was the lack of malicious or sadistic purpose in this case that caused the district court to hold that the defendant was entitled to judgment as a matter of law. Our reading of the record convinces that the court was correct. The most that can be said of the plaintiff's claims concerning Horan's performance of his responsibilities is that it involved negligence but not intent to injure, with or without malice. Although it would not have been error for the court to have sent the case to the jury, we agree that a continuation of the trial would have been a futility, as a matter of law.

## CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.