920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol GONGOLEWSKI, Plaintiff-Appellant,
v.
LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, John P. McFadden,
Michael Delaney, Michael Sweeney, Terry Sellars,
and Unknown Defendants, Defendants-Appellees.
 No. 89-6470.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Carol Gongolewski ("plaintiff") brought a 42 U.S.C. Sec. 1983 action against the Lexington-Fayette Urban County Government ("County") and several of its officials. Plaintiff claims that the District Court erred when it concluded that plaintiff's complaint asserted claims against the individual defendants in their official capacities only and when it denied plaintiff's motion for a new trial. Plaintiff further contends that she is a prevailing party under section 1988 and thus entitled to attorney's fees. For the following reasons, we AFFIRM.
 
 I.
 A.
 
 2
 On July 13, 1987, plaintiff brought this action pursuant to section 1983 and 28 U.S.C. Secs. 2201 and 2202, seeking monetary damages and declaratory relief based on an allegedly unconstitutional County policy. On September 5, 1989, three weeks before trial, the County moved for partial summary judgment on several issues including any claims against any County officials in their individual capacities. The District Court reserved its ruling on this motion until trial. The individual capacity issue arose again in several motions made by both parties at the conclusion of plaintiff's proof. Plaintiff then moved for leave to amend her complaint to more specifically plead the individual capacity claims, and defendant moved for a directed verdict on, among other issues, the individual capacity issue. The District Court concluded that plaintiff sued the individual defendants in their official capacities only, and denied plaintiff's motion for leave to amend her complaint. The remaining issues were submitted to the jury, which found in favor of defendants.
 
 B.
 
 3
 On August 23, 1986, a police officer employed by the County placed plaintiff under emergency detention because he believed that plaintiff was mentally ill and presented a danger to herself and others due to a possible drug overdose. The police officer took plaintiff to the hospital, but plaintiff refused to be admitted. The officer then sought to admit plaintiff to the Fayette County Detention Center ("Detention Center") which is run by the Fayette County Jailer, a constitutionally elected official who is not part of the County. Pursuant to the Detention Center policies, plaintiff could not be admitted to this facility until a medical health professional conducted a mental evaluation. The police officer transported plaintiff to the hospital, obtained the necessary mental evaluation, and returned plaintiff to the Detention Center for admission.
 
 
 4
 At the time of plaintiff's detention, the County Division of Police had a Special Order promulgated on October 19, 1984, which detailed the procedures to be followed in emergency detention situations and which made reference to a repealed Kentucky statute.[1] This Special Order required that the detained individual undergo a mental evaluation before being taken to the Detention Center. Thus, both the Detention Center policy and the Special Order required a mental evaluation of an individual prior to admission to the Detention Center.
 
 II.
 
 5
 Plaintiff raises three issues on appeal. First, plaintiff claims that the District Court erred in concluding that her complaint alleged claims against the individual defendants in their official capacities only. Second, plaintiff contends that the District Court abused its discretion when it denied her motion for a new trial. Finally, plaintiff argues that the District Court erred by failing to rule that plaintiff was a prevailing party under section 1988 and thus entitled to attorney's fees.
 
 A.
 
 6
 Individual defendants in a section 1983 action are sued in their official capacities unless the complaint explicitly states otherwise. Wells v. Brown, 891 F.2d 591 (6th Cir.1989); Nix v. Norman, 879 F.2d 429 (8th Cir.1989); Kolar v. County of Sangamon, 756 F.2d 564, 568 (7th Cir.1985). In determining the capacity in which an individual is sued, a court should examine the heading and the body of a complaint. Hossman v. Blunk, 784 F.2d 793, 796 (7th Cir.1986). No particular language is necessary, but the complaint must put the individual defendant on notice of the claims against which he must defend. Otherwise, Fed.R.Civ.P. 9(a) bars this Court from exercising jurisdiction over the matter. Wells, 891 F.2d at 593.
 
 
 7
 Plaintiff's complaint does not state claims against the individual defendants in their individual capacities. The heading of the complaint lists the individual defendants as "JOHN P. McFADDEN; MICHAEL DELANEY; MICHAEL SWEENEY; TERRY SELLARS...." Joint App. at 13. The complaint alleges violations of due process of law based on the fourteenth amendment and "her right to be free from arbitrary and unreasonable restraint, strip search and imprisonment...." Id. The body of the complaint refers to the individual defendants as "employees or agents of ... Lexington-Fayette Urban County Government...." Id. Moreover, the complaint identifies the individual defendants by their official titles throughout the complaint and describes the offensive conduct in terms of his or her official duties. Nowhere in the complaint does plaintiff state that the individual defendants were being sued in their individual capacities. Indeed, the individual defendants are not singled out in plaintiff's prayer for relief, but are grouped with the County and referred to collectively as "Defendants." Plaintiff's complaint raises no individual capacity claims and therefore fails to put defendants on notice that this type of claim would be asserted at trial. Plaintiff was not entitled to have individual capacity liability submitted to the jury.
 
 B.
 
 8
 Plaintiff asserts that the District Court erred when it denied plaintiff's motion for a new trial. According to plaintiff, a new trial should have been granted because of the District Court's erroneous rulings on several of her motions.
 
 
 9
 Plaintiff contends that the District Court erred when it denied her motion for leave to amend her complaint. A district court's decision regarding motions for leave to amend will be overturned only if it abused its discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Although Fed.R.Civ.P. 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires," the Supreme Court has identified several factors which justify denial of a motion: undue delay, bad faith, dilatory motive on the part of the movant and undue prejudice to the opposing party by allowing the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 10
 The District Court's denial of plaintiff's motion was not an abuse of discretion. Several factors justify the court's decision. First, plaintiff unduly delayed in moving for leave to amend. Plaintiff sought to assert a new theory of liability over two years from the filing of her original complaint, after the completion of discovery and after she had presented her case-in-chief at trial. See Johnston v. Lucas, 786 F.2d 1254, 1260 (5th Cir.1986); Skehan v. Board of Trustees of Bloomsburg State College, 590 F.2d 470, 492 (3d Cir.1978), cert. denied, 444 U.S. 832 (1979). Moreover, plaintiff was aware of the possible defect in her pleadings at least two weeks prior to trial, when defendants moved for partial summary judgment on the issue of defendants' liability in their individual capacities. Yet plaintiff chose not to amend her complaint at this time. These circumstances justify the District Court's denial of plaintiff's motion for leave to amend.
 
 
 11
 Plaintiff also contends that the District Court erred when it denied plaintiff's motion to supplement her witness list. Plaintiff made this motion on September 11, 1989, almost one year after the deadline set by a scheduling order for the filing of witness lists, and just nine days before the start of trial. In her motion, plaintiff claimed that her psychologist, Dr. Evensen, had been inadvertently omitted from her witness list. The motion also sought to add eleven new witnesses to the list who had never before been identified as potential witnesses.
 
 
 12
 The District Court did not abuse its discretion in denying this motion. Although Dr. Evensen did not testify, plaintiff was allowed to read his deposition into the record at trial, a deposition apparently taken with this purpose in mind.[2] Further, plaintiff has failed to identify to this Court or to the District Court the specific areas of inquiry; nor has plaintiff summarized how the testimony of the excluded witnesses would have advanced her case. While it is true that a Rule 16 scheduling order should be applied flexibly so as to account for any unforeseen problems that may arise, Davis v. Duplantis, 448 F.2d 918, 921 (5th Cir.1971), the timetable established by a scheduling order should be modified only "to prevent manifest injustice." Fed.R.Civ.P. 16(e); see Noel v. S.S. Kresge Co., 669 F.2d 1150 (6th Cir.1982). Plaintiff's generalized allegations of injury fail to establish that the denial of her motion resulted in manifest injustice.
 
 
 13
 Because we find no error in the District Court's rulings on these motions, we conclude that the District Court also did not err when it denied plaintiff's motion for a new trial.
 
 C.
 
 14
 Plaintiff contends that the District Court erred when it determined that she was not a "prevailing party" for purposes of section 1988. Plaintiff asserts that she is a prevailing party because the magistrate found that the Special Order was unconstitutional and the instant lawsuit caused the County to change its procedures in order to comply with Kentucky law. Defendant argues that section 1988 is inapplicable because the Special Order did not affect the behavior of the defendants toward the plaintiff. Moreover, the lawsuit was not the catalyst for the recision of the Special Order; the County changed this policy before plaintiff filed her lawsuit.
 
 
 15
 Under section 1988, a court may award attorney's fees if the litigant is a "prevailing party." A party must receive some type of relief on the merits of his claim in order to be a "prevailing party". Hewitt v. Helms, 482 U.S. 755 (1987). Plaintiff received no relief on her claim. The jury determined that the police officer's action--transporting plaintiff to a hospital for a mental evaluation prior to approval by a judge--was motivated by the policy of the detention center and not the Special Order. The Special Order was not the cause of the police officer's action towards plaintiff; therefore, plaintiff did not prevail on this claim. See id. at 761 (holding that the judicial pronouncement must settle a dispute "which affects the behavior of the defendant towards the plaintiff") (emphasis in original); City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (holding that plaintiff must show "an affirmative link between the policy and the particular constitutional violation alleged").
 
 
 16
 Nor does the magistrate's finding that the Special Order is unconstitutional entitle plaintiff to "prevailing party" status. As the Supreme Court stated:
 
 
 17
 Likewise in a declaratory judgment action: if the defendant, under pressure of the lawsuit, alters his conduct ... towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed.... [A] judicial statement that does not affect the relationship between the plaintiff and defendant is not an equivalent [of a judicial judgment which alters defendant's conduct].
 
 
 18
 Hewitt, 482 U.S. at 761 (emphasis in original). The County conformed its Special Order to comply with relevant Kentucky law between the time of plaintiff's arrest and the filing of the instant suit. Plaintiff's lawsuit did not cause the County to alter its conduct; the County altered its conduct before the suit was initiated. Hence, plaintiff's claim for declaratory relief from any future application of the unconstitutional portion of the Special Order is moot. Rhodes v. Stewart, 488 U.S. 1 (1988).
 
 III.
 
 19
 For the foregoing reasons, we AFFIRM the judgment of the District Court.---------------
 
 
 
 [1]
 Unbeknownst to the Division of Police, the statute on which this Special Order relied had been repealed. The statute in effect at the time of plaintiff's detention--202A.041--required the detained individual to be taken first to the Detention Center whereupon a judge would determine if a mental health evaluation was necessary
 
 
 [2]
 Arguing for the admission of Dr. Evensen's deposition at trial, counsel for plaintiff stated that "when the Plaintiff took the deposition, ... [he thought] in all fairness it was the Plaintiff's intention to read that deposition at trial...." Joint App. at 253