RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0217P (6th Cir.)
File Name: 00a0217p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RALPH MOORE, JR.,
    *Plaintiff-Appellant,*

    *v.*

CITY OF HARRIMAN;
HARRIMAN POLICE
DEPARTMENT; ROY JENKINS,
Chief of Police; DARREN
MCBROOM; TERRY FINK;
RANDY HEIDLE; VIRGIL
MCCART; and JERRY
SINGLETON,
    *Defendants-Appellees.*

No. 99-5258

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 97-00243—James H. Jarvis, District Judge.

Argued: February 4, 2000

Decided and Filed: July 6, 2000

Before: NELSON, COLE, and CLAY, Circuit Judges.

————————————

**COUNSEL**

**ARGUED:** Donald K. Vowell, VOWELL & ASSOCIATES, Knoxville, Tennessee, for Appellant. Nathan O. Rowell, WATSON, HOLLOW & REEVES, Knoxville, Tennessee, for Appellees. **ON BRIEF:** Donald K. Vowell, VOWELL & ASSOCIATES, Knoxville, Tennessee, for Appellant. Nathan O. Rowell, Robert H. Watson, Jr., WATSON, HOLLOW & REEVES, Knoxville, Tennessee, for Appellees.

————————————

**OPINION**

————————————

CLAY, Circuit Judge. Plaintiff, Ralph Moore, Jr., appeals from the district court's order dismissing Plaintiff's claims against Defendants, various police officers with the City of Harriman ("the Officers"), on the basis that Plaintiff did not sue the Officers in their individual capacities and that, as such, any claim asserted against them should be dismissed for failure to state a claim. For the reasons set forth below, we **REVERSE** the district court's order.

**BACKGROUND**

Plaintiff filed suit under 42 U.S.C. § 1983 against the Officers on April 7, 1997, for allegedly using excessive force to effectuate Plaintiff's April 7, 1996 arrest in violation Plaintiff's Fourth Amendment rights. Plaintiff also alleged various pendent state law claims in his complaint. In the caption of his complaint, Plaintiff named as defendants "City of Harriman, Tennessee; Harriman Police Department; Roy Jenkins, Chief of Police[1]; Darren McBroom; Terry Fink; Randy Heidle; Virgil McCart; and Jerry Singleton." All of

---

[1]Roy Jenkins passed away on February 28, 1998, and his estate was not substituted as a party.

*Compare Lovelace v. O'Hara,* 985 F.2d 847, 850-51 (6th Cir. 1993) (finding that because the complaint contained a statement that the defendant was acting "not as an individual" but "clearly within the expressed and implied powers of his official capacity," the defendant "had no reason to believe that he would be held personally liable or that his personal assets were at a stake").

Accordingly, we hold that the district court erred in granting the Officers' 12(b)(6) motion to dismiss any claims in their individual capacities, where Plaintiff made references in his complaint as to the Officers acting "for themselves" and as well as in their official capacities; where Plaintiff made reference to the Officers acting with malice; and where the Officers were required to defend themselves individually against the analogous state law tort claims, thereby providing the Officers notice to defend on the federal § 1983 claims.

Having found that the district court erred in dismissing Plaintiff's § 1983 complaint against the Officers in their individual capacities, we need not consider Plaintiff's alternative argument that the district court abused its discretion in denying Plaintiff's motion to amend his complaint.

## CONCLUSION

For the above stated reasons, we **REVERSE** the district court's order granting the Officers' 12(b)(6) motion to dismiss the § 1983 claims brought against the Officers in their individual capacities, and **REMAND** the case for trial.

the parties named as defendants in the caption of Plaintiff's complaint filed a joint answer on May 14, 1997. The caption of the answer lists the City of Harriman, the police department, and the Officers in three separate groups.

The Officers filed a motion to dismiss for failure to state a claim on January 22, 1998, on the basis that Plaintiff did not expressly state that the Officers were being sued in their individual capacities. On February 27, 1998, the district court granted the Officers' motion and dismissed any claims against them in their individual capacities without prejudice.

Plaintiff moved to alter or amend his complaint to specifically allege that the Officers were being sued in their individual capacities under § 1983, and to alter or amend the February 27, 1998, order to reflect that the state law causes of action against the Officers individually had not been dismissed. On April 15, 1998, the Court denied Plaintiff's motion to amend the complaint as to Plaintiff's § 1983 claims on the basis that it would be futile to do so because the claims would be barred by the statute of limitations.[2] The court reasoned that Plaintiff could not amend his complaint regarding the federal claims because "it is too late to notify the individual defendants that they may be individually liable for the federal civil rights action brought against them and the amended complaint could not relate back under Rule 15(c)" of the Federal Rules of Civil Procedure. Nonetheless, the court permitted Plaintiff's state claims against the Officers in their individual capacities to continue, finding that the pleading requirements for state torts were not as "stringent" as the requirements for a § 1983 individual capacity claim. Accordingly, the case proceeded against the City of Harriman,

---

[2]The Supreme Court has held that all actions brought under § 1983 shall be subject to a state's statute of limitations governing actions for personal injuries. *See Wilson v. Garcia,* 471 U.S. 261, 268-79 (1985). The State of Tennessee's statute of limitations for personal injury actions is one year. *See Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff's claim arose from an incident which occurred in April of 1996.

but against the Officers individually only in regard to Plaintiff's state law claims.

The City of Harriman moved for summary judgment, which the district court granted on August 4, 1998; Plaintiff is not appealing that decision. All of the federal claims having been dismissed, the Officers moved to dismiss the remaining state law claims, and the district court granted the Officers' motion without prejudice on February 10, 1999. Plaintiff filed a notice of appeal on February 22, 1999, challenging the district court's decision to dismiss any § 1983 claims Plaintiff attempted to assert against the Officers in their individual capacities, as well as the district court's decision to deny Plaintiff an opportunity to amend his complaint to more specifically allege Plaintiff's § 1983 claims against the Officers in their individual capacities.

## DISCUSSION

Plaintiff argues that the district court erred in dismissing his complaint for failure to state a claim on the basis that Plaintiff did not sue the Officers in their individual capacities. We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Turker v. Ohio Dep't of Rehabilitation & Corrections,* 157 F.3d 453, 456 (6th Cir. 1998). We must construe the complaint in the light most favorable to Plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claim that would entitle him to relief. *Id.*

In *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir. 1989), this Court held that it will assume that a government official is being sued in his official capacity unless the plaintiff "properly allege[s] capacity in [his] complaint." The rationale behind the specificity rule was to afford state officials sufficient notice that they may be held personally liable for

brought under these amendments – which included assault and battery, malicious prosecution, abuse of process, false arrest and false imprisonment – it is reasonable to conclude that the Officers believed that they were on notice that they were being sued in their individual capacities regarding the analogous § 1983 claims. *See Wells*, 891 F.2d at 593. Moreover, under these facts, the Officers would not be prejudiced by having to defend against the federal claims. *See Soper,* 195 F.3d at 856 (Moore, J., concurring in part and dissenting in part).

In an attempt to rebut the above, the Officers rely upon *Childs v. Koosed*, No. 90-3449, 1991 WL 33133, at **2 (6th Cir. Mar. 13, 1991) (unpublished *per curiam*), where this Court found that the plaintiff's filing suit against the defendants individually on state law claims for breach of contract was insufficient to properly notice the defendants that they were being sued in their individual capacities regarding the plaintiff's § 1983 claims. The *Childs* court noted that while the plaintiff had sued the defendants "in their individual and administrative capacities" regarding the state claim for breach of contract, "no mention of individual capacity is made in the federal counts, and defendants are referred to by their official capacities throughout the complaint." *Id.* As such, the *Childs* court concluded that the defendants were not provided proper notice of the need to defend against the § 1983 claims. *Id.*

We find *Childs*, again an unpublished decision which is not binding, to be unpersuasive and distinguishable from the case at hand. Unlike *Childs*, Plaintiff in this case made state law claims which would require the same type of defense for the federal claims, and Plaintiff made references within the complaint which would give rise to a conclusion that the Officers were being sued in their individual capacities. Accordingly, the factors which the *Childs* court found significant in determining that the plaintiff had not noticed the defendants that they were being sued in their individual capacities are not present here, and the Officers would not be prejudiced by having to defend the analogous federal claims.

capacities was fatal to the claims, the plaintiff in *Gongolewski* failed to make a single reference to the defendants being sued in their individual capacities, and instead specifically addressed the defendants in their official capacities throughout the body of the complaint. *See id.* at **2. In addition, unlike Plaintiff in the case at hand, the plaintiff in *Gongolewski* did not make reference to any acts by the defendants which were done with malice or intent. *See id.* These critical facts which inure to Plaintiff's benefit here were absent from the plaintiff's complaint in *Gongolewski*.

Finally, an important factor in this case is that the state claims brought against the Officers in their individual capacities were not dismissed. That is to say, Plaintiff brought claims in relation to the Officers' actions under Article 1, Sections 7 and 8 of the Tennessee Constitution, and the Officers would have been required to defend against these state law claims had the district court not granted the City's motion for summary judgment and dismissed Plaintiff's state law claims without prejudice. Article 1, Section 7 of the Tennessee Constitution regarding unreasonable searches and seizures is the state analog to the Fourth Amendment of the United States Constitution.[4] *See* TENN. CONST. art. I, § 7. Furthermore, Article 1, Section 8 of the Tennessee Constitution provides that "no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." *See* TENN. CONST. art I, § 8. Because the Officers would be required to defend themselves individually regarding the state law tort claims

---

[4] Article 1, Section 7 of the Tennessee Constitution provides:
   That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.
TENN. CONST. art. I, § 7.

any damage award.[3]  *Id.*  The Court also held that the requirement applied to *pro se* plaintiffs, noting that "[i]t is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs, some of whom file several appeals each year with us, [to] alert party defendants that they may be individually responsible in damages." *Id.*

However, in *Pelfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir. 1995), this Court held that although the *pro se* plaintiff's complaint failed to specify that he was suing the state officers in their individual capacities, the plaintiff could proceed with his individual claims because the state officials "were given sufficient notice of the fact that they were being sued in their individual capacity." In reaching this conclusion, the Court relied upon a motion filed by the plaintiff one month after the complaint was filed, which asked that the Ohio Attorney General be barred from representing the defendants and "specifically stated that the defendants acted outside the scope of their employment and in bad faith when they cut his hair." *Id.* Similarly, in *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F.3d 489, 491 (6th Cir. 1995), this Court found that although the plaintiff's complaint failed to specify the capacity in which the defendant was being sued, the plaintiff's reply to the motion for summary judgment made it clear that the plaintiff intended to sue the defendant in his individual capacity. The Court therefore concluded that the plaintiff had provided sufficient notice to the defendant that he was being sued in his individual capacity. Likewise, in *Perry v. Croucher,* No. 97-3033, 1998 WL 661151, at *7-*8 (6th Cir. Aug. 31, 1998), this Court found that where the complaint repeatedly specified that the defendants acted "'in

---

[3] In addition to the necessity of providing notice to the defendants, the *Wells* court also based its holding -- that a suit against state officials in a § 1983 action must make clear the defendants are being sued in their individual capacities -- on the Eleventh Amendment bar to suits against a state in federal court. *See Wells v. Brown,* 891 F.2d 591, 592-93 (6th Cir. 1989). Because the Officers are municipal employees and a § 1983 suit against a municipality is not barred by the Eleventh Amendment, the Eleventh Amendment is not at issue.

bad faith'" and "'willfully, maliciously, and with reckless indifference to and in disregard of' [the] plaintiff's rights"; and where the defendants moved for dismissal on the basis of immunity, the defendants had sufficient notice that they were being sued individually. *Id.* The Court found "significant" that the defendants raised the immunity defense because "such immunity is extended to officials only in their personal capacities" thereby indicating that the defendants had an understanding that they were being sued in their personal capacities. *Id.*

Based upon the state of the law in this circuit as outlined above, the district court erred in granting the Officers' 12(b)(6) motion to dismiss, where the complaint provided the Officers sufficient notice that they were being sued in their individual capacities. Although it is true that the caption to Plaintiff's complaint does not specify that the Officers were being sued in their individual capacities, and that ambiguity does exist throughout the complaint as to the capacity in which the Officers are being sued, the complaint taken as a whole provides sufficient notice to the Officers that they were being sued individually. *See Wells,* 891 F.2d at 593 (noting that while no particular language is necessary, the complaint must put the individual defendant on notice of the claims against which he must defend).

For example, what is most telling are the allegations set forth in paragraph eleven of the complaint, which state in relevant part that:

> The said officers, *acting for themselves and for the City*, instituted all of the criminal charges against the plaintiff without probable cause and with *malice*. The charges were instituted not for the primary purpose of bringing the plaintiff to justice, but to shield and cover up the wrongful actions of the said defendants as described above. The said criminal proceedings for contributing to the delinquency of a minor and aggravated assault have already been terminated in favor of the plaintiff, with the said charges being dismissed at the preliminary hearing.

> The placing of the said charges of contributing to the delinquency of a minor and aggravated assault constitute the *torts of malicious prosecution and abuse of process, and violated the plaintiff's civil rights enumerated above.*

(J.A. at 11-12 (emphasis added)). As in *Pelfrey,* where this Court found that the plaintiff's allegations that "the defendants acted outside the scope of their employment and in bad faith" provided sufficient notice to the defendants that they were being sued individually, *see* 43 F.3d at 1038, Plaintiff's allegations that the Officers "act[ed] for themselves and . . . with malice," and also engaged in intentional torts, provided sufficient notice to the Officers that they were being sued in their individual capacities. The same can be said when taking into account that the *Perry* court considered the plaintiff's specific allegations that the defendants acted "in bad faith" and acted "willfully, maliciously, and with reckless indifference to and in disregard of [the plaintiff's rights]", when it held that the defendants were provided sufficient notice regarding individual liability. *See* 1998 WL 661151, at \*7-\*8. As noted, Plaintiff in the instant case makes similar allegations which should be construed as providing notice to the Officers. *See id; see also Soper v. Hoben,* 195 F.3d 845, 856 (6th Cir. 1999) (Moore, J., concurring in part and dissenting in part) (finding that the § 1983 plaintiff's allegations of "'reckless, wilful, wanton, malicious and/or intentional'" conduct on the part of the defendants were sufficient to provide notice to the defendants that they were being sued in their individual capacities).

We are not persuaded otherwise by the Officers' reliance on *Gongolewski v. Lexington-Fayette Urban County Government,* No. 89-6470, 1990 WL 200378 (6th Cir. Dec. 12, 1990) (unpublished *per curiam*). Of course, as an unpublished opinion, *Gongolewski* is not binding. *See United States v. Williams,* 15 F.3d 1356, 1362 n.6 (6th Cir. 1994) (*en banc*). That aside, *Gongolewski* is distinguishable and therefore is of no significance to the Officers' contention. Although the *Gongolewski* court held that the plaintiff's failure to name the § 1983 defendants in their individual