**Virgil ABDUR–RAHMAN, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant,**

**Kenneth McGinnis, Defendant–Appellee.**

No. 94–2238.

United States Court of Appeals, Sixth Circuit.

Submitted June 9, 1995.

Decided June 21, 1995.*

---

\* This document was originally issued as an "unpublished order" filed on June 21, 1995. On August 30, 1995, the court designated the order as one recommended for full-text publication.

Virgil Abdur-Rahman, Muskegon, MI, pro se.

Richard M.C. Adams, Asst. Atty. Gen. (briefed), Terry Norton, Asst. Atty. Gen., Office of the Atty. Gen., Corrections Division, Lansing, MI, for Kenneth McGinnis.

Before: WELLFORD, NELSON, and RYAN, Circuit Judges.

## ORDER

Virgil Abdur–Rahman, a *pro se* Michigan prisoner, appeals a district court judgment

dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

Seeking monetary and injunctive relief, Rahman sued the Michigan Department of Corrections and Kenneth McGinnis, the Director of the Department. Rahman did not state in what capacity he sued McGinnis. Rahman alleged that a prison policy unconstitutionally infringed upon his right to exercise his religion by not permitting him to be released from his work detail to attend religious services.

A magistrate judge conducted an evidentiary hearing on Rahman's claims. Following the hearing, the magistrate judge found that the prison policy did not violate Rahman's religious rights. Rahman objected to the magistrate judge's report. Upon *de novo* review, the district court adopted the magistrate judge's report and granted summary judgment for the defendants. In his timely appeal, Rahman raises a plethora of arguments.

■ This court's review of a grant of summary judgment is *de novo*. See *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Although there is no genuine issue of material fact, McGinnis is entitled to judgment as a matter of law in part for reasons other than those stated by the district court. See *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir.1990).

■ The district court originally dismissed Rahman's complaint as frivolous with regards to the Department of Corrections on Eleventh Amendment grounds. Rahman has not appealed this decision. Thus, McGinnis is the only defendant before this court. In his complaint, Rahman did not state in what capacity he sued McGinnis. However, in his reply to McGinnis's motion for summary judgment, Rahman makes it clear that he intended to sue McGinnis in his individual and official capacities. Under *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 2269, 132 L.Ed.2d 273 (1995), Rahman's response to McGinnis's motion for summary judgment is sufficient notice to McGinnis that he is being sued in his individual capacity.

■ McGinnis is not subject to suit for monetary damages in his official capacity under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 & n.10, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). It is further noted that Rahman has been transferred from the State Prison of Southern Michigan in Jackson, Michigan. Therefore, because of Rahman's transfer, his request for injunctive relief is now moot. See *Secretary of Labor v. Burger King Corp.*, 955 F.2d 681, 685 (11th Cir.1992); *Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991) (*per curiam*). Thus, this case only concerns Rahman's request for monetary relief against McGinnis in his individual capacity.

■ The prison did not violate Rahman's First Amendment rights. Inmates retain their First Amendment right to exercise their religion. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972) (*per curiam*). The right, however, may be subjected to reasonable restrictions and limitations. *Bell v. Wolfish*, 441 U.S. 520, 549–51, 99 S.Ct. 1861, 1879–80, 60 L.Ed.2d 447 (1979). The evidence presented to the district court establishes that the prison denied Rahman release from his work assignment for security reasons. Evidence presented by Chaplain Mardini, a religious leader and teacher of the Islamic religion, establishes that Muslims may be legitimately excused from Friday services for reasons such as sickness and work activities. Therefore, the prison's policy did not affect an essential tenet of Rahman's religious beliefs.

■ Rahman contends that there was no evidence that his Friday worship attendance

would result in a security threat. The testimony of three witnesses at the evidentiary hearing, however, was to the contrary. Rahman also contends that the district court denied him discovery and a court appointed attorney, but the record shows that the district court permitted Rahman to engage in discovery. Further, the district court did not err in denying Rahman a court appointed attorney, because he has no constitutional right to appointed counsel in a civil case. *Wolfolk v. Rivera,* 729 F.2d 1114, 1119–20 (7th Cir.1984).

■ Finally, Rahman contends that the district court failed to consider the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. Although the district court did not consider the Act, the statute is not applicable to this case. As Rahman correctly notes, the Act is applied retroactively. 42 U.S.C. § 2000bb-3(a); *Werner v. McCotter,* 49 F.3d 1476, 1479 (10th Cir.1995); *Brown–El v. Harris,* 26 F.3d 68, 69 (8th Cir.1994). Not all regulations affecting religious activity fall within the Act. Only regulations which *substantially* burden a prisoner's capacity to exercise his beliefs of faith are governed by the Act. *Werner,* 49 F.3d at 1480. Reasonable time, place, or manner restrictions upon communal religious gatherings do not necessitate the identification of a compelling state interest. *Id.* at 1480. The testimony of Chaplain Mardini establishes that the Islamic religion expressly excuses individuals who are in prison for good cause. Given that the Friday services are not fundamental to Rahman's religion and that the prison denied Rahman's pass to attend such services based on security reasons, the district court did not err in granting summary judgment for the defendants. We note, however, that there are two weekly religious services available to plaintiff at said prison.

Accordingly, we **AFFIRM** the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.