69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald E. SLEDGE, Plaintiff-Appellant,
v.
William L. CUMMINGS, Secretary of Corrections; Harold Nye,
Larned Correctional Facility; (NFN) Phelan,
Chaplin, Larned Correctional Facility,
Defendants-Appellees.
 No. 95-3234.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Mr. Sledge, an inmate appearing pro se, appeals from the 28 U.S.C.1915(d) dismissal of his civil rights action for injunctive and monetary relief based on alleged violations of his religious freedom. The district court determined that the institution's requirement that an inmate submit a form electing to participate in religious activities does not impose a substantial burden on the exercise of religion. See 42 U.S.C.2000bb-1(a); Werner v. McCotter, 49 F.3d 1476, 1480 (10th Cir.1995). We agree. This is a reasonable restriction which does not require identifying a compelling state interest. See Abdur-Rahman v. Michigan Dep't of Corrections, --- F.3d ----, 1995 WL 535056 (6th Cir.1995).
 
 
 2
 In his brief of appeal, Mr. Sledge contends that scheduling an inmate for religious activities compels attendance and violates the First Amendment, specifically, separation of church and state and the right to free exercise of one's religion. Form A-11 at 6. "It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise...." Lee v. Wiseman, 112 S.Ct. 2649, 2655 (1992). However, the attachments to the complaint indicate that an election to participate in the Muslim prayer service is completely voluntary. The institution's effort to accommodate voluntary religious activity by scheduling the same does not violate the Establishment Clause. See Rosenberger v. Rector and Visitors of the University of Virginia, 115 S.Ct. 2510, 2522 (1995); Widmar v. Vincent, 454 U.S. 263 (1981).
 
 
 3
 AFFIRMED. We GRANT Mr. Sledge's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument