81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman FLICK, Plaintiff-Appellant,
v.
James D. LEONARD; Lynn Bouchillon; Joseph B. Bogan, III,
Defendants-Appellees.
 No. 95-1559.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1996.
 
 1
 Before: NELSON and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Norman Flick, a pro se Indiana prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Flick sued three federal prison officials contending that defendants violated his constitutional rights by: 1) requiring him to declare his religious beliefs in order to qualify for a special diet known as common fare; 2) interfering with the exercise of his religion by removing him from the common fare program after he had eaten in the main food line; 3) delegating the eligibility for the program to a religious institution, i.e., the prison chaplain; and 4) failing to follow the Administrative Procedure Act (APA) in establishing rules concerning the program. The parties filed cross-motions for summary judgment. Upon de novo review of a magistrate judge's report, the district court denied Flick's motion for summary judgment and dismissed the case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). In his timely appeal, Flick reiterates the claims that he presented to the district court.
 
 
 4
 The district court dismissed the case pursuant to Rule 12(b)(6), concluding that Flick had failed to state a claim upon which relief could be granted. Because the parties filed evidence which was not excluded from the district court's consideration, the district court improperly dismissed the complaint under Rule 12(b)(6). Defendants' motion to dismiss must be treated as a motion for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Upon review, we conclude that Flick's Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, claim is meritless. Flick argued that the defendants placed a substantial burden on the exercise of his religion by requiring him to declare his religious preferences on his application for the common fare program. Flick also claimed that his religious beliefs were substantially burdened when he was removed from the program. Under the RFRA, not all regulations affecting religious activities fall within the ambit of the Act. Abdur-Rahman v. Michigan Dep't of Corrections, 65 F.3d 489, 492 (6th Cir.1995). Only regulations which substantially burden a prisoner's capacity to exercise his faith are governed by the Act. Id. To exceed the substantial burden threshold, government regulations must significantly inhibit or constrain conduct or expression that manifest some central tenant of the prisoner's beliefs, must meaningfully curtail a prisoner's ability to adhere to his faith, or must deny a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion. Werner v. McCotter, 49 F.3d 1476, 1480 (10th Cir.), cert. denied, 115 S.Ct. 2625 (1995). Although the application for the common fare program requests an inmate to declare his religious beliefs, under the prison's regulations, an inmate does not have to complete this query in order to participate in the program. Thus, the form does not inhibit Flick from practicing his religious beliefs.
 
 
 6
 Flick also contends that his First Amendment rights were violated. Inmates retain their First Amendment right to exercise their religious beliefs. See Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam). However, the right is subject to restrictions and limitations. See Bell v. Wolfish, 441 U.S. 520, 549-51 (1979). Because Flick chose to violate the prison rules concerning the common fare program, he suffered the consequences of his actions. As Flick's ability to participate in the common fare program was subject to a reasonable restriction, no First Amendment violation occurred. Id.
 
 
 7
 Flick contends that his constitutional rights were violated because the common fare program was administered by the prison chaplin. The chaplain was an employee of the United States Bureau of Prisons and he had the administrative responsibility of managing the common fare program. These administrative responsibilities were simply secular. As no spiritual duties were involved, Flick's First Amendment rights were not affected.
 
 
 8
 Finally, Flick contends that the defendants promulgated the rules for the program in violation of the APA. However, the prison's rules are exempt from the APA. 5 U.S.C. § 553(b)(3)(A).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation