99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark L. DYER, Plaintiff-Appellant,
v.
Bob STEVENS, Boyd County Jailer; Boyd County Judge
Executive; Chris Stevens, Boyd County Detention Center
Maintenance Person; Clair Doe, Boyd County Detention Center
Cook; Gary Doe, Boyd County Detention Center Deputy Jailer;
Toby Doe, Boyd County Detention Center Transportation
Officer, Defendants-Appellees.
 No. 95-6044.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1996.
 
 Before: BOGGS, NORRIS, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Mark L. Dyer appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 as frivolous pursuant to 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dyer filed his complaint in the district court alleging that he was authorized to receive but subsequently was denied a pork-free diet required by his religious beliefs while being held in the Boyd County, Kentucky, jail. Further, plaintiff alleged that he was placed in segregation for a period of approximately two days in violation of state regulations. Plaintiff alleged that his toilet clogged and that he was deprived of writing materials while in segregation and that he subsequently was transferred to another jail facility. Plaintiff named the defendant county jailer and jail employees in their individual and official capacities and named the defendant county judge executive in his official capacity only. Plaintiff sought declaratory and injunctive relief and compensatory and punitive damages.
 
 
 3
 The magistrate judge recommended that plaintiff's complaint be dismissed as frivolous, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and dismissed the complaint. Thereafter, the district court denied plaintiff leave to proceed in forma pauperis on appeal, and this court subsequently granted plaintiff pauper status. On appeal, plaintiff reiterates the claims he asserted in the district court and contends that his claim that he was denied a pork-free diet should have been analyzed by the district court under the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb.
 
 
 4
 Upon consideration, we conclude that the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(d) for the reasons stated in the magistrate judge's report and recommendation filed February 13, 1995, adopted by the district court in its order filed July 13, 1995. See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Further, plaintiff's First Amendment right to freedom of religion claim is without basis under the Religious Freedom Restoration Act. See Abdur-Rahman v. Michigan Dep't of Corrections, 65 F.3d 489, 491-92 (6th Cir.1995) (order).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation