Victor J. RUSSELL, Plaintiff–
Appellant,

v.

Reginald A. WILKINSON;  Arthur
Tate, Jr.;  Gary Sims;  David Bur-
chett, Defendants–Appellees.

No. 03–3427.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before DAUGHTREY and GILMAN,
Circuit Judges;  and HAYNES, District
Judge.*

* The Honorable William J. Haynes, Jr., United      States District Judge for the Middle District of

### ORDER

Victor J. Russell, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Russell sued multiple prison authorities alleging that he was subjected to cruel and unusual punishment by being exposed to second-hand smoke. He also alleged that his First Amendment right to practice his faith was infringed as he was denied kosher meals. Russell states that he was denied his kosher meals as an act of reprisal for complaining about the second-hand smoke. The parties consented to have the case tried before a magistrate judge. The magistrate judge subsequently granted summary judgment to the defendants.

In his timely appeal, Russell continues to argue the merits of his underlying complaint.

The district court's judgment is reviewed de novo. *See Summar ex rel. Summar v. Bennett,* 157 F.3d 1054, 1057 (6th Cir.1998).

The defendants were entitled to summary judgment as a matter of law. Prior to May 16, 2001, Russell was housed in 6–House of C–Unit at the Belmont Correctional Institution (BCI) which was not a tobacco-free area. Russell alleged that he complained daily as to the amount of second-hand smoke present in 6–House. On May 16, 2001, Russell was informed that 7–House of D–Unit was a designated tobacco-free area. Russell was subsequently transferred to 7–House. Russell claimed that the defendants failed to enforce the rules regarding the tobacco-free environment in 7–House and that inmates used tobacco products in every area of the dormitory.

On May 4, 2001, Russell was informed by the religious services department of BCI that he had been authorized to receive kosher meals. In June 2001, the prison's managing officer, Arthur Tate, denied Russell a kosher meal on the basis that Russell had been found to be in possession of unauthorized non-kosher food in violation of institutional rules. On July 2, 2001, Tate indefinitely terminated Russell's entitlement to kosher meals on the grounds that Russell had not complied with the dietary requirements of his religion. Russell contends that he was never told that his actions would result in discontinuation of his kosher meal accommodation. Russell also argues that the accommodation was discontinued, in part, due to his complaints regarding second-hand smoke.

■ Russell's Eighth Amendment rights have not been violated. An Eighth Amendment claim contains an objective and subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298–302, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To state a viable Eighth Amendment claim, a plaintiff must allege facts sufficient to satisfy both of those components. Where the claim is that the officials have failed to prevent harm, the prisoner must allege objective harm, i.e., that "he is incarcerated under conditions posing substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In the context of a claim that second-hand smoke poses a substantial risk, the prisoner must allege that he was exposed to unreasonably high levels of sec-

Tennessee, sitting by designation.

ond-hand smoke. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). The prisoner must also allege facts demonstrating the subjective component of his Eighth Amendment claim. In this case, Russell must allege facts showing that the defendants were deliberately indifferent to an excessive risk of harm of which they were aware. *Farmer*, 511 U.S. at 837. Russell has not satisfied this burden.

The facts establish that Russell was placed in a non-smoking unit at BCI. Although the rule against non-smoking may not have been perfectly enforced based on Russell's allegations, Russell's placement in the non-smoking unit negates any claim that the defendants were deliberately indifferent to Russell's health. *Helling*, 509 U.S. at 36; *Scott v. District of Columbia*, 139 F.3d 940, 944 (D.C.Cir.1998). Therefore, the defendants were entitled to summary judgment as a matter of law as to Russell's Eighth Amendment allegations.

Russell also fails to state a violation under the First Amendment. Russell complains that he was denied kosher meals as required by his religious beliefs. An inmate's right to freely exercise his religion may be subject to reasonable restrictions while he is incarcerated. *Abdur–Rahman v. Mich. Dept. of Corr.*, 65 F.3d 489, 491 (6th Cir.1995). Thus, the prison policy of not providing Russell kosher meals may be permissible if it is reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

■ Russell's claim regarding the denial of kosher meals fails because the defendants' policy is rationally related to a legitimate penological interest. *See Pollock v. Marshall*, 845 F.2d 656, 658–59 (6th Cir. 1988). In analyzing a disputed prison policy, we consider: 1) whether there is a rational connection between the policy and a governmental interest; 2) whether there are alternative means of exercising the inmate's alleged right if the policy is upheld; 3) whether accommodating that alleged right would have an undue impact on guards, other inmates, or prison resources; and 4) whether there is an alternative to the policy that accommodates the alleged right with a de minimum cost to valid penological interests. *Turner*, 482 U.S. at 84–89. These factors all weigh in favor of the defendants.

Ohio Department of Rehabilitation and Correction Policy 309.01(VI)(B) allows inmates to request the prison to accommodate their religious beliefs. The prison warden is given the ultimate authority to make the final determination on whether to grant or deny a request for accommodation. The evidence before the court establishes that Russell was granted permission to have kosher meals. However, this privilege was revoked as Russell had been found guilty by the prison's Rule Infraction Board of stealing non-kosher food items. Further, Russell had purchased non-kosher food from the inmate commissary.

The regulations provide that the prison warden has the authority to make a final decision on requests for religious accommodations. As Russell was denied kosher meals only after he stole and purchased non-kosher food items, Russell's conduct demonstrates that he did not follow the tenants of his religious beliefs. As the denial of kosher meals was based on Russell's obvious actions in not observing the kosher food requirements outside meals, Tate had a legitimate penological interest in discontinuing Russell's request. That legitimate penological interest concerns the maintenance of prison discipline in the facility.

■ Russell also complains that the defendants discontinued his kosher meals without first informing him that his actions of not observing the dietary requirements of his religion outside prison meals would lead to such a discontinuation. This argument is construed as raising a procedural due process claim. To establish a procedural due process claim, a plaintiff must demonstrate: 1) a liberty or property interest protected by the due process clause; 2) a deprivation of that protected interest within the meaning of the due process clause; and 3) defendants' failure to afford adequate procedural rights prior to the deprivation. *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir.1999). Russell has failed to establish that he was deprived of a protected liberty or property interest.

To claim a constitutionally protected property right, one must have a "legitimate claim of entitlement." *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). There must be more than an abstract need or desire for the property right. *Id.* In this case, Russell does not possess a constitutionally protected property interest in receiving kosher meals. Prison regulations allow an inmate to obtain such accommodations, but also place certain restrictions and availability on those accommodations. Ultimately, the decision to grant or deny an accommodation lies within the discretion of the prison warden.

To claim a constitutionally protected liberty interest, an inmate must show that the actions of prison officials either had the effect of altering the length or term of imprisonment or amounted to "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The discontinuation of Russell's kosher meals did not affect the length or term of his imprisonment. Furthermore, the discontinuation of the kosher meals did not amount to an atypical or significant hardship. Therefore, Russell did not establish a procedural due process violation.

Finally, Russell claims that the decision to discontinue his kosher meal accommodation was made in retaliation for him having filed grievances regarding a smoke-free environment. To prevail on a claim of general retaliation, a plaintiff must show an "egregious abuse of governmental power" or behavior that "shocks the conscience." *Thaddeus–X v. Blatter,* 175 F.3d 378, 387 (6th Cir.1999). Russell has not provided any evidence reflecting an "egregious abuse of governmental power" or any behavior on the part of the defendants that would "shock the conscience."

In order to succeed on a retaliation claim based on a specific constitutional provision, the plaintiff must show that: 1) he was engaged in protected conduct; 2) adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements one and two, i.e., that the adverse action was motivated, in part, by the plaintiff's protected conduct. *Id.* at 394.

■ An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf. *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). Although Russell had a right to complain about the prison smoke, there is no causal connection between the complaint and the termination of the kosher meals. The termination of the kosher meals was caused by Russell's violation of prison rules. The discontinuation of the kosher meals would have occurred even if Russell had not filed a grievance. Therefore, Russell did not establish a retaliation claim.

Accordingly, the court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.