**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LaVETTE J. PARKER,

        Plaintiff-Appellant,

v.

L. E. BRUCE, Warden, in his official and individual capacity; DON BALLARD, Sergeant, in his official and individual capacity; (FNU) LANGFORD, Lieutenant, in his official and individual capacity; DON MOORE, Unit Team Counselor, in his official and individual capacity; JOHN/JANE DOES, Segregation Review Board Members serving from on or about 09/01/01 to 11/01/01, in their official and individual capacities,

        Defendants - Appellees.

No. 04-3207

District of Kansas

(D.C. No. 04-CV-3079-GTV)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Plaintiff LaVette J. Parker, an inmate proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim as time-barred. Mr. Parker alleges various Kansas Department of Corrections officials violated his Eighth Amendment rights by depriving him "of a basic human need[,] the right to exercise and the right to fresh air." Appellant's Br. at 3. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I. Background

### A. Facts

On December 20, 2001, while imprisoned at Hutchinson Correctional Facility ("HCF"), Mr. Parker filed a grievance against multiple HCF staff members, including "Seg[regation] Review Board Members (09-01 to 11-01)," claiming they violated his Eighth Amendment rights by denying him yard privileges. The officer reviewing Mr. Parker's grievance determined his privileges were restricted only after he was "heard threatening an inmate indirectly while at the yard" and "reportedly telling other inmates to get another inmate, threatening inmates and attempting to intimidate inmates with threats of

violence if they did not comply with [his] directives." R. Doc. No. 1 at 20. The prison warden agreed with these findings. Mr. Parker appealed to the office of the Kansas Secretary of Corrections. The secretary determined Parker's loss of yard privileges was "appropriate" and noted Parker "offer[ed] no evidence or argument that suggests the response rendered by staff at [HCF] is wrong." *Id.* at 9.

In addition, on December 17, 2001, Mr. Parker filed a separate grievance against Sergeant Don Ballard for allegedly "lying and altering and misrepresenting a I&I investigation, and using intimidating tactics." *Id.* at 14. Specifically, Mr. Parker accused Sergeant Ballard of tampering with Parker's mail to his fiancee—a problem that "started way back in the month of May [2001]" but "was definitely at its peak during the months of July and August [2001]." *Id.* at 16. Mr. Parker also claimed that, during a confrontation that occurred sometime between August and December of 2001, Sergeant Ballard said he had "a license" to disregard Parker's rights because Parker was in prison and he could "stick [Parker] . . . in the hole right now." *Id.* at 17-18.

The reviewing officer determined Mr. Parker's allegations were "unfounded." *Id.* at 11. She noted the "information on [Mr. Parker's] Segregation Report was compiled from several different reports" and Sergeant Ballard "only had a small part in the information that was considered in" denying

Parker yard privileges. *Id.* The report concluded Mr. Parker's "segregation report [was] not invalid, fictitious, or unfounded, but based on [Parker's] . . . history, narratives, and other official documents, a very good reflection of [his] inappropriate behavior." *Id.* As with Parker's December 20 grievance, the prison warden and secretary of corrections agreed with the report's findings and found no further action was warranted. *Id.* at 10, 13. The secretary again noted Mr. Parker "offer[ed] no evidence or argument that suggests the response rendered by staff at [HCF] is wrong." *Id.* at 10.

### B. *Procedural Posture*

Parker filed this § 1983 complaint in the United States District Court for the District of Kansas on March 5, 2004. [R. Doc. No. 1.] The district court allowed Parker to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. Doc. No. 5 at 1.] Before issuing summonses to the Defendants, however, the district court dismissed Parker's complaint *sua sponte*, finding it was filed outside of the applicable statute of limitations period. *Id.* at 2. This appeal followed.

## II. Analysis

### A. *Statute of Limitations*

On appeal, Mr. Parker renews his Eighth Amendment claim and, for the first time, argues we should toll the statute of limitations so his complaint will be timely. Generally, we will not consider an issue raised for the first time on

appeal. *Ross v. United States Marshall*, 168 F.3d 1190, 1195 n.5 (10th Cir. 1999), *quoting Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993). We have discretion, however, based on the facts of the individual case, to consider issues not presented to the trial court. *Id.* We are more likely to address such issues if their proper resolution is certain. *Id.*, *quoting Singleton v. Wulff*, 428 U.S. 106, 121 (1976). Here, the district court's *sua sponte* actions prevented Parker from arguing, prior to the dismissal, that the statute should be tolled. Because the proper resolution of Parker's tolling claim is certain, we exercise our discretion to address it.

We review a district court's order dismissing an action on statute of limitations grounds *de novo*. *Plaza Speedway, Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002); *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194-95 (10th Cir. 1998). "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). We have held that "the appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan. Stat. Ann. § 60-513(a)(4)." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1300-01 (10th Cir. 1991), *citing Hamilton v. City of Overland Park*, 730 F.2d 613 (10th Cir. 1984) (en banc), *cert. denied*, 471 U.S. 1052 (1985). Additionally, the Kansas Legislature has provided that section 60-513(a)(4)'s two-year limitation

period may be tolled for inmates "imprisoned for a term less than [their] natural life" if they do not have "access to the court for purposes of bringing an action." Kan. Stat. Ann. § 60-515(a). These inmates may file an action "within one year after" their release from prison. *Id.* But the Kansas Legislature has expressly instructed that any inmate who *has* access to the court is not entitled to any tolling of the limitation period. *Id.* Kansas's "legislative choices in this regard [are] . . . 'binding rules of law,'" *Hardin v. Straub*, 490 U.S. 536, 539 (1989), *quoting Bd. of Regents, Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980), which we must apply.

Though statutes of limitation and tolling issues in section 1983 cases are matters of state law, the accrual of a section 1983 claim is a matter of federal law. *Fratus*, 49 F.3d at 675, *citing Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Id.* (internal quotation marks and citations omitted).

In light of these rules, we conclude the district court correctly held that Mr. Parker filed his § 1983 claim outside the limitations period. By his handwritten admission, Mr. Parker was aware of the facts on which he bases his Eighth Amendment claim as early as May of 2001. His alleged mail problem peaked in either July or August of 2001, and his alleged confrontation with Sergeant Ballard

occurred between August and December of 2001.  Parker does not specify the exact date his yard privileges were terminated, but this apparently occurred before his alleged run-in with Sergeant Ballard.  Moreover, Mr. Parker's December 20, 2001, grievance named only those HCF Segregation Review Board members serving between September and November of 2001.  Mr. Parker's § 1983 claim thus accrued no later than November of 2001.  Accordingly, his March 5, 2004, complaint fell well outside Kansas's two-year limitations period and was untimely unless Mr. Parker is entitled to tolling.

The plain language of Kansas's tolling statute, however, demonstrates it is inapplicable to Mr. Parker's claim.  Kan. Stat. Ann. § 60-515(a) prohibits tolling for any inmate who "has access to the court for purposes of bringing" a civil rights action.  Mr. Parker does not allege, nor does he provide evidence to show, that he was ever denied access to the courts.  To the contrary, Parker states it was Defendants' "complete disregard for plaintiff's condition that resulted in [Parker's] fear to timely file" his complaint.  Appellant's Br. at 3.  But after the district court dismissed his claim, Parker filed a Motion for Enlargement of Time [R. Doc. No. 7], in which he requested a 30-day extension to file a Notice of Appeal.  In support of his motion, Parker stated he "has a current case load of a 60-1501, 1507 and two ongoing civil actions in the state court of Shawnee County, KS and currently in pursuit of an addendum federal case, all as a pro se

litigant." R. Doc. No. 7 at 1. These admissions cast doubt on the sincerity of Parker's fear and demonstrate any claim that Parker has been denied access to the courts would be groundless. Thus, we conclude Parker is not entitled to tolling and the district court properly dismissed his § 1983 complaint as time-barred. Because we affirm the district court's dismissal on statute of limitations grounds, we need not address the merits of Parker's Eighth Amendment claim. *See Smith v. City of Enid ex. rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

In addition, we conclude that this appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for purposes of counting "prior occasions" under § 1915(g). Mr. Parker failed to raise a single specific allegation of error by the district court and does not point to any evidence that would allow us to reverse. Moreover, Parker would have discovered he was not entitled to tolling had he simply read the statute of limitations. Thus, though we must liberally construe Parker's *pro se* pleadings, *see Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999), we hold that Parker's appeal is frivolous.

### B. Parker's Post-Brief Motions

After filing his appellate brief, Mr. Parker submitted additional motions to this Court seeking various forms of relief. We briefly address each issue.

First, Mr. Parker seeks an "enlargement of time to correct any and all mistakes made by failing to docket appeal." Since we resolve this case on

grounds independent of any appellate docketing mistakes, we DENY this motion as moot.

Mr. Parker next asks us to appoint counsel. We have previously held "the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1998) (internal quotation marks and citation omitted). We have applied this holding to prisoners' § 1983 cases. *See Bishop v. Romer*, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (unpublished opinion), *cert. denied*, 527 U.S. 1008 and 528 U.S. 844 (1999); *see also Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998) ("Absent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case."); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (holding failure to appoint counsel in a section 1983 case was not error because an inmate "has no constitutional right to appointed counsel in a civil case"); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) ("A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel."). Since Mr. Parker is not constitutionally entitled to an attorney's assistance, and since no attorney, regardless of talent, could turn back time and file Parker's complaint within the limitations period, we DENY his motion.

Finally, Parker asks us to rescind the district court's order garnishing his account to pay his appellate filing fees and costs, claiming his mother paid the remaining $250.00 balance in full without his knowledge. The Tenth Circuit clerk's office does not show a $250.00 payment toward Mr. Parker's outstanding balance. Accordingly, this motion is DENIED.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED** .

Mr. Parker's motion to proceed *in forma pauperis* was granted by the District Court. He is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs, until they are paid in full.

Entered for the Court


Michael W. McConnell
Circuit Judge